MARY A. ALEXANDER v. JOHN F. WITHERSPOON, AGENT.

While liberal presumptions in favor of this mode of settling disputes have uni-
formly been indulged by this court, it has always been *held*, that, in order to
entitle themselves to the benefits of the statute of 1846, "to authorize the set-
tlement of disputes by conciliation or arbitration," the parties must comply
substantially with its provisions, and that it is only upon such a compli-
ance that an award is good as a statutory award, and enforceable in the
statutory mode. (Paschal's Dig., Art. 60, Note 244.)

The 7th section of the statute provides "that the decisions of arbitrators, if
before a justice of the peace, shall be recorded as a judgment in his court,
and on which execution may issue, as in ordinary cases of judgments obtained
before justices of the peace; if before the clerk, he shall file the same, and a
judgment shall be entered thereon at the first regular term of the court

thereafter." (Paschal's Dig., Art. 66, Note 249.) The meaning of this section of the statute is unmistakable; it authorizes the rendition of judgment at the first regular term of the court after the award is made, and not before. It is too plain for serious argument that a term which commenced four weeks before the award was made is not the "first regular term thereafter."

If any doubt should remain as to what is meant by the "first regular term," as used in the statute, it is dispelled by the concluding clause of the same section, which says: "But should either party appeal from the decision of the arbitrators, the appellant shall file his application with the clerk of the district court within the first three days of said court, wherein the case shall be tried *de novo*," &c., &c. (Paschal's Dig., Art 66, Note 249.)

Where the award was certainly made during the term of the court at which the judgment upon it was rendered, and there was no appearance of the losing party, it is error, for which the judgment will be reversed.

APPEAL from Harrison. The case was tried before Hon. J. B. WILLIAMSON, one of the district judges.

On the 13th January, 1866, John F. Witherspoon and Mary C. Alexander entered into an agreement, which read in substance: In the matter of the estate of L. C. Alexander and the estate of Josiah Marshall, in regard to thirty-four bales of cotton, &c., which, &c., is now in the possession of the estate of L. C. Alexander, which cotton is claimed by the estate of Josiah Marshall, the parties therefore agreed to refer the questions of claim and value to arbitration.

On the 18th of April thereafter the arbitrators (by whom named does not appear, for they were not named but only agreed to be selected in the agreement) made their award, that the cotton belonged to the estate of Josiah Marshall, the number of pounds, and the value, 25 cents per pound in coin. It had been agreed to make the award the judgment of the court, and no right of appeal was reserved in the agreement.

The district court of Harrison county was commenced on the 19th March, 1866. The award was filed on some day of the term, but when does not appear, but certainly on or after its date; and on the 24th of April, 1866 (which the *Reporter* thinks was the day of filing the agreement and

award) judgment was rendered against the defendant for $4,250 80, the value of the cotton at the rate awarded.

In the state of the record, which contained nothing but the agreement, the award, and the judgment, all without date of filing and rendition, the court only considered the question, as to the right to file the award and to take judgment upon it at the same term of the court during which it was made, without any notice to or appearance of the defendant or losing party. The date of the judgment was ascertained from the petition for a writ of error and from the error bond.

*William Stedman*, for plaintiff in error, argued principally that the administrators of the estate had no right to submit the matters to arbitration. (Owens v. Withee, 3 Tex., 161; Cox v. Giddings, 9 Tex., 44.) But the argument did not show in what characters Witherspoon and Mrs. Alexander acted "for the estate." The residue of the argument related to the departures from the statute in reference to arbitrations.

No brief for the defendant in error has been furnished to the *Reporter*.

COKE, J.—This is a writ of error sued out upon a judgment of the district court of Harrison county, rendered upon an award of arbitrators, making said award the judgment of the court, and decreeing execution for its enforcement.

There are twenty-six assignments of error, many of them predicated upon papers, dates, &c., not found in the record. Upon an examination of the record, we find the entry of the judgment, which embodies, by way of recital, the agreement to submit and the award of the arbitrators. This, and the proceedings on the application for writ of error, is everything shown in the transcript. There is not a single file-paper of the district court copied into the re-

cord, if there were such.   No application has been made
by either party for *certiorari* to perfect the record.   We must
therefore  consider  the  case  upon  the. record  as  it  stands
before us, and in doing so, as in the view we have taken
of the case the judgment must be reversed and the cause
remanded, we will confine ourselves to a consideration of
the single point on which the reversal is predicated.   The
record is so meagre and imperfect, that we would be com-
pelled, in considering the various questions raised by the
assignments of error, to supply its omissions by presump-
tions, which may prove, upon a fuller development of the
case, to be variant from the real facts.   We feel neither
inclined nor obliged to discuss points arising on the pre-
sumed or imaginary hypothesis of fact which may be con-
tradicted, nor to decide questions which may not arise when
the case comes on again for the action of the district court.
We will therefore consider the case only so far as is neces-
sary to dispose of it in this court, leaving other questions
that may arise hereafter to be dealt with when properly
presented and their adjudication becomes necessary.

The  twelfth  assignment  of  error  charges  error in ren-
dering judgment upon an award made during the term of
the court at which judgment was rendered.   This assign-
ment is sustained by the record in its allegation of facts,
and, in our opinion, is well taken.   It appears from a reci-
tal of the judgment that the award of the arbitrators was
made on the 18th day of April, 1866, and the record, while
it does not disclose the day on which the judgment was
rendered, does show that it was rendered during the term
of the district court of Harrison county commencing on
the 19th day of March, 1866.   It follows necessarily that
the award was made during the term of the court at which
the judgment was rendered.

While  liberal  presumptions  in favor of ·this  mode  of
settling disputes have uniformly been indulged in by this
court, it has always been held that, in order to entitle

themselves to the benefits of the statute of 1846, "to authorize the settlement of disputes by conciliation or arbitration," the parties must comply substantially with its provisions, and that it is only upon such a compliance that an award is good as a statutory award and enforceable in the statutory mode. [Paschal's Dig., Art. 60, Note 244;] (Owens v. Withee, 3 Tex., 161; Cox v. Giddings, 9 Tex., 46.)   The 7th section of the statute provides, "that the decisions of arbitrators, if before a justice of the peace, shall be recorded as a judgment in his court, and on which execution may issue as in ordinary cases of judgment obtained before justices of the peace; if before the clerk, he shall file the same, and a judgment shall be entered thereon at the first regular term of the court thereafter." [Paschal's Dig., Art. 66, Note 249.]   The meaning of this section of the statute is unmistakable: it authorizes the rendition of judgment at the first regular term of the court after the award is made, and not before.   It is too plain for serious argument, that a term which commenced four weeks before the award was made is not the "first regular term thereafter."

If any doubt should remain as to what is meant by the "first regular term," as used in the statute, it is dispelled by the concluding clause of the same section, which says: "But should either party appeal from the decision of the arbitrators, the appellant shall file his application with the clerk of the district court within the first three days of said court, wherein the case shall be tried de novo," &c., &c. [Paschal's Dig., Art. 66, Note 249.]   The entry of this judgment on the award at the spring term, 1866, is in express contravention of this section of the statute.   The plaintiff in error could have waived the time and consented to the entry of the judgment at that term.   But the record does not show that she did this, and such consent or waiver cannot be presumed.   Nor can her presence in court, or a knowledge on her part of the motion to enter the judgment

be presumed, when no action on the award was required by law to be taken at that term, and she consequently was not required to be present. For reasons before given, the rights of the parties to make the submission and bind the estates they represent, and whether or not the proceedings, submission, and award conform to the requirements of the statute, are questions that have not been considered. We simply decide that if the award were admitted to be a good statutory award, the rendition of the judgment upon it was erroneous, because premature, and the plaintiff in error has had no opportunity to contest it. The cause will be reversed and remanded, and will occupy the same position it did before the judgment was rendered, with leave to the parties to take such action with reference to it as they may see fit and is in accordance with law.

Judgment reversed, and cause

REMANDED.