TRINITY COUNTY LUMBER COMPANY v. H. S. DENHAM.

No. 235.

**1. Immaterial Error.**

A witness for defendant testified to his entire indifference as to the result of the suit. The plaintiff then offered in evidence an affidavit made by the witness supporting a motion of defendant to change the venue of the case on ground of prejudice. It had been proven by other testimony that the witness had made the affidavit. *Held*, that the admission in evidence of the affidavit was not ground for reversal ............................... 206

**2. Argument of Counsel.**

Where objectionable remarks of counsel are in reply to remarks of the adverse party of such nature as to call for a reply, and such reply does not exceed the bounds of a legitimate answer, such remarks are not error. See example........................................................ 206

**3. Interest of Witness—Impeachment.**

Where, upon an important issue, the evidence is conflicting, it was reversible error to exclude on cross-examination evidence to show that the witness was or had been interested in the result, and at what sum he had disposed of his interest. The witness testified by depositions, and the words showing interest, etc., had been suppressed by the court on objection. See example.......................................................... 208

ERROR to Court of Civil Appeals for First District, in an appeal from Houston County.

Suit for damages for personal injuries received by plaintiff, an employe of the defendant, the lumber company. Suit was originally filed in Trinity County, venue changed to Polk, then to San Jacinto, and finally to Houston County. Several trials were had—73 Texas, 78; 85 Texas, 56. The last judgment was for plaintiff for $10,000. The judgment was affirmed on appeal by the Court of Civil Appeals. The opinion gives a statement of the case, save as to the objectionable remarks of counsel noticed. On this subject the record shows, that in their argument to the jury, defendant's counsel referred to the fact that they had brought in person before the jury a number of mill owners from various counties in East Texas who were experts in mill machinery, and that on this account, and because they had brought more expert witnesses, defendant's evidence was more satisfactory than that of plaintiff, whose evidence was principally by depositions. In answer to this, plaintiff's counsel in his closing argument said, that "plaintiff could not get experts who worked at the saw mills to come; that employes of the saw mills would be afraid to come here and swear for plaintiff, because they would be discharged." Defendant excepted to said language, because there was no evidence showing or tending to show that the employes of the mills were afraid to testify, or that they would be discharged if they did so. The court overruled the objections, on the grounds, as stated by the court in the bill, "that such statement was not a statement of a fact, but was a fair and legitimate inference and argument showing the improbability of employes taking

such action against their employers, and also in view of the further facts on the trial showing that mill owners from Trinity, Polk, Harris, and Nacogdoches Counties had voluntarily appeared on the trial for defendant, and some stated that they feared the finding of a judgment in this case would encourage mill hands generally to bring numerous vexatious suits against mill owners for trifling injuries." Defendant duly excepted.

*J. P. Stevenson, Adams & Adams,* and *James E. Hill,* for plaintiff in error.—1. Appellant company had the right to show by Borden what interest he, Borden, had on the trial, or at any time prior thereto, in the result of the suit, and what that interest was or had been, and what he got for it if transferred. These were facts that might exhibit the witness' bias, and would show his temper and fairness as a witness. Eldridge v. The State, 9 South. Rep., 448; Cameron v. Montgomery, 13 Serg. & R., 128; Ott v. Heighton, 6 Casey, 451; Battdorff v. Burk, 61 Pa. St., 183; United States v. Hughes, 34 Fed. Rep, 732; Howell v. Campbell, 57 N. W. Rep., 383; Railway and Banking Co. v. Attaway, 16 S. E. Rep., 956; Ellis v. Railway, 21 Atl. Rep., 140, 143; Dooley v. Miller, 2 Texas Civ. App., 133.

2. The affidavit admitted in evidence was well calculated to prejudice the jury, without a chance of explanation by the witness. Baker v. Joseph, 16 Cal., 173; The State v. Stewart, 110 Ore., 52; Maxted v. Fowler, 94 Mich., 106; Ross v. Kornrumpf, 64 Texas, 395; Rankin v. Bell, 85 Texas, 33; Burleson v. Collins, 28 S. W. Rep., 498; 1 Whart. on Ev., 566.

3. The court erred in overruling defendant's exceptions to the language used by plaintiff's attorney in his closing argument to the jury. Proctor v. McClelland, 26 S. W. Rep., 656; Railway v. McLendon, 26 S. W. Rep., 307; Brown v. Swineford, 44 Wis., 282; 28 Am. Rep., 587; Tucker v. Heniker, 41 N. H., 317; Paper Co. v. Banks, 15 Neb., 20; 48 Am. Rep., 334-336; Railway v. Jones, 73 Texas, 235; Railway v. Wood, 25 S. E. Rep., 741; Willis v. McNeill, 57 Texas, 465; Taylor v. McNutt, 58 Texas, 71; Railway v. Cooper, 70 Texas, 67; 1 Thomp. on Trials, secs. 955, 963.

*Nunn & Nunn,* for defendant in error.—1. There was no ground for reversal on the ground of the exclusion of the testimony showing witness Borden's connection and interest in the suit. Sayles' Civ. Stats., art. 1037; Moss v. Cameron, 66 Texas, 413; Prigham v. Weddington, 74 Texas, 356; Beeman v. Jester Bros., 62 Texas, 431; Dunham v. Forbes, 25 Texas, 23; Tucker v. Smith, 68 Texas, 478; Rector v. Hudson, 20 Texas, 236; Railway v. Simpson, 16 Pet., 459, 460; Johnson v. Jones, 1 Black (U. S.), 226; Storm v. United States, 94 U. S., 76; Prescott v. Ward, 10 Allen, 209; Wroe v. The State, 20 Ohio St., 460; Sturgis v. Robinson, 62 Me., 293; Oil Co. v. Van Eaton, 107 U. S., 335; Railway v. Rowland, 82 Texas, 167; Evansich v. Railway, 61 Texas, 28; 1 Greenl.

on Ev., secs. 51, 52, 448, 449; Dimmit v. Robbins, 74 Texas, 445, 446; Coats v. Elliott, 23 Texas, 606; Willis v. Chambers, 8 Texas, 150; Payne v. Benham, 16 Texas, 364; Pridgen v. Hill, 12 Texas, 374; Railway v. Hill, 70 Texas, 54, 55; Rea v. Missouri, 17 Wall., 542; Holmes v. Goldsmith, 147 U. S., 164; Stevenson v. Stewart, 11 Pa. St., 307.

2. As to admission of witness Mason's affidavit: Whart. on Ev., secs. 555, 557, 569, 838, 839, 1116, 1116a, 1119, 1139; The Charles Morgan, 115 U. S., 77; Rector v. Hudson, 20 Texas, 236; Morris v. Runnels, 12 Texas, 176; Allbright v. Penn, 14 Texas 293; Ins. Co. v. Ende, 65 Texas, 121; Railway v. Thompson, 75 Texas, 506; White v. Wadlington, 78 Texas, 162; Wilson & Martin v. Lucas, 78 Texas, 293; Willis v. Chambers, 8 Texas, 150; Payne v. Benham, 16 Texas, 364; Stover v. Garvin, 22 Texas, 9; Johnson v. Crawl, 55 Texas, 571.

3. It is a settled rule of this court, that even unwarranted speech is no cause in itself for reversal; but it must appear that such speech has caused injury; and further, that counsel for the complaining party has not provoked it, and is thereby not responsible for it. Counsel assert injury, but they do not make it appear from the record, nor indeed can they. Moore v. Moore, 73 Texas, 394; Railway v. Butcher, 83 Texas, 309; Railway v. Jones, 73 Texas, 235; Beville v. Jones, 74 Texas, 148; Railway v. Garcia, 62 Texas, 289–293; Railway v. Jarrell, 60 Texas, 270; Moss v. Sanger Bros., 75 Texas, 322; Railway v. Cooper, 70 Texas, 70; Railway v. O'Hare, 64 Texas, 602–604; Wood v. Lyon, 65 Texas, 477; Oil Co. v. Hanlon, 79 Texas, 683; Prather v. McLelland, 26 S. W. Rep., 657; Franklin v. Tiernan, 62 Texas, 92; Willis v. McNeil, 57 Texas, 465; Delk v. Punchard, 64 Texas, 360; Radford v. Lyon, 65 Texas, 472.

BROWN, ASSOCIATE JUSTICE.—Denham sued the Trinity County Lumber Company to recover damages for injuries alleged to have been received by him while lawfully engaged at and about its saw mill, which injuries are alleged to have been caused by the defective condition of an "idler," a part of the machinery of the mill.

The following statement will be sufficient to present the only questions before this court: J. D. Borden, a witness for plaintiff, upon cross-examination, by deposition, testified in substance, that he was one of the firm of Granberry & Borden, who, as attorneys of plaintiff, instituted this suit. That the firm had a contract with plaintiff, by which they were to receive for their services one-half of the amount recovered; the case had been tried several times, and he, Borden, did not testify until the third or fourth trial. He sold his interest to Nunn & Bean for $100, before the venue was changed to Polk County. Upon objection by the defendant, the court struck out of the witness' answer the words, "Granberry and myself one-half of what we recovered," and "for the consideration of $100;" that is, the court excluded from the jury evidence of the amount that witness and his partner were to receive, and the sum for which he sold his interest. The ground of objection was, that the evidence excluded was irrelevant. It appeared

from Borden's evidence, that at the time he testified by deposition he had no interest, but that he had previously testified in the case to the same facts then stated by him.    In his last testimony by deposition, Borden testified, that a few days after the accident he met Sloan, the president of the defendant company, and had a conversation with him about the accident to plaintiff, in which Sloan stated, that he knew that the "idler" was in bad condition, and had instructed his foreman to watch it closely, and he supposed that the foreman had overlooked it.    Sloan denied this statement, and testified on each trial at which Borden acted as attorney for plaintiff.

One Mason testified for defendant on the last trial by deposition, in which, upon cross-examination, he stated in substance, that he had no bias in the case in favor of or against either party, and had no desire for either party to gain the case, except that he desired to see justice done. Plaintiff offered in evidence an affidavit made by Mason and others to secure a change of venue, at the instance of the defendant, on the ground, that there was in the county a prejudice against the defendant, so that it could not get a fair trial in that county.    Defendant objected to the reading of the affidavit, because it was irrelevant, but did not make the objection, that it had not been called to the attention of the witness.    Before the deposition of Mason was offered, and before the affidavit was read, Sloan, for defendant, had testified, that Mason had made the affidavit for change of venue.    It is stated in the transcript that the evidence of Sloan was objected to, and reference is made to a bill of exceptions reserved; but it does not appear in any bill of exceptions in the record.    There was no reversible error in admitting the affidavit, as the same fact had already been proved by Sloan without objection.

Plaintiff in error also complains, that the attorneys for the plaintiff below used certain language, set out in a bill of exceptions, which was calculated to inflame the minds of the jury against defendant.    We do not think that the bill of exceptions shows such a state of facts as to justify this court in reversing the judgment on account of the language used.    The remarks of defendant's counsel, to which the language complained of was a reply, were of such a nature as to call for a reply, and the language used does not seem to have gone beyond the bounds of a legitimate answer.

It is error to exclude from the jury testimony which is relevant, material, and admissible under the pleadings in a case on trial.    Whether such error will require the reversal of a judgment depends upon the probable effect of such evidence upon the result of the trial, if it had been admitted.    If the evidence in the case upon the issue on which the excluded evidence was offered be conflicting, and if it does not appear that the evidence if admitted could not properly have influenced the jury to render a different verdict, the exclusion of such evidence becomes material error, and the judgment must be reversed.    Able v.

Sparks, 6 Texas, 349; Rogers v. Crain, 30 Texas, 291; Hudson v. Willis, 87 Texas, 387.

The most material question involved in the trial of this cause was whether or not the "idler" was in a defective condition, and that defendant's officers knew, or ought to have known, the fact. Upon this issue, the evidence in the case was conflicting. Four witnesses, Sloan, the manager, and at the time of the accident president of the defendant company, and three other witnesses, all employes of defendant, engaged at and about the mill at the time, testified, that the "idler" was constructed of green timber, had shrunk and become loose, but that a few days before the plaintiff was injured it had been well and skillfully repaired, and at that time was in a reasonably safe condition. No other witnesses who testified had personal knowledge of the condition of the "idler." Seven practical millmen testified, as experts, that an "idler" constructed as described by the witnesses for defendant would be reasonably safe for such use. Four witnesses, likewise practical millmen, testified for plaintiff, as experts, that an "idler" so constructed was not reasonably safe for such use. Borden testified, that a few days after the injury to plaintiff he talked with Sloan about the accident, and Sloan stated to him, Borden, that he knew that the "idler" was in bad condition, and had told the foreman to watch it. Sloan denied having made this statement. This made a sharp conflict between Sloan and Borden, making their credibility an important question for the jury.

In this state of the evidence, it was important to the defendant that the jury should be in possession of every fact and circumstance which tended to show any bias on the part of Borden against the defendant's case, or in favor of the plaintiff's right of recovery. In Wentworth v. Crawford, 11 Texas, 132, this court said: "It is the well-settled doctrine of the courts, founded on strong philosophical reasoning, that anything calculated to bias a witness is proper testimony to enable the jury to determine how far his evidence can be relied upon." Attorneys are not exempt from the operation of this rule, and when they become witnesses for their clients, their contracts for fees are not protected from disclosure. Moats v. Rymer, 18 W. Va., 642; 41 Am. Rep., 703.

The Court of Civil Appeals recognized this rule in its opinion, but held that, as it did not appear that Borden had given evidence in the case before he transferred his interest, the rule did not apply. We think that the record fully justifies the conclusion, that Borden was interested in the case when he first gave his evidence. It appears from the record that there were five trials in the District Court of Trinity County, the last being on the 7th day of February, 1888, and the change of venue from that county was had on the 7th day of September, 1889, nineteen months after the last trial. Borden testified, that he did not give evidence in the case until the third or fourth trial, he is not certain which it was; that he represented plaintiff in the five

trials in Trinity County, and sold his interest in the case before the change of venue from that county. If he had sold his interest before the last trial, it is not probable that he would have fixed the time of such transfer as occurring before an event which happened nineteen months after the last trial. We think that from Borden's evidence, and the record, it appears with a degree of certainty sufficient to admit the evidence, upon the theory adopted by the Court of Civil Appeals, that Borden testified the first time while he was yet interested in the case.

If it be admitted, however, that Borden had parted with his interest in the suit before he first gave his testimony, still we think it was permissible to show that he had been interested in the case, the extent and character of that interest, and the time and circumstances under which he parted with his interest, all of which would go to his credibility. Greenl. on Ev., sec. 426. At common law, a witness was rendered incompetent to testify by reason of his interest in the result of the suit; a release would restore his competency, but it is by no means certain that it would remove from his mind the bias, if any, that such interest would occasion, and every fact or circumstance which would tend to show to the jury his relation to the case or the parties was admissible, in order that they might determine what weight they ought to give to his evidence.

We conclude, that the evidence excluded was not only admissible, but that under the circumstances of this case it was important to the defendant; and we are not prepared to say that it would not have affected the result of the case if admitted. Borden's testimony as to the statement made to him by Sloan was introduced by the plaintiff as original evidence of the condition of the "idler," there appearing no objection to it as such, and it must have been considered by the jury as evidence of its defective condition. If, however, it had been introduced for the purpose of impeaching Sloan, upon a proper predicate being laid, the evidence rejected would have been equally admissible. An impeaching witness is subject to cross-examination and impeachment the same as if he were introduced for any other purpose. State v. Watson, 65 Me., 74.

The District Court erred in excluding the evidence of Borden, as shown by the bill of exceptions, and the Court of Civil Appeals erred in not sustaining the assignment of error based upon that ruling, for which errors the judgments of both courts are reversed, and this cause is remanded to the District Court.

*Reversed and remanded.*

Delivered April 29, 1895.