# FIRST DISTRICT, 1897.

B. J. GAUTIER v. THOMAS McHENRY.

Delivered February 4, 1897.

**Arbitration—Requisites of Agreement—Jurisdiction of Court.**

Under the provisions of the statute regulating arbitrations, Sayles' Civil Statutes, arts. 42-56, it is not necessary that the articles of agreement should state the amount in controversy, in order to confer jurisdiction upon the court, but it is sufficient if the award, when presented to the court for judgment, shows an amount sufficient to give jurisdiction.

APPEAL from Galveston. Tried below before Hon. WILLIAM H. STEWART.

*Spencer & Kincaid,* for appellant.—The District Court, in entering a judgment upon the award of arbitrators, acts as a court of special and limited jurisdiction, and derives its authority wholly from the agreement to arbitrate; and in order to confer jurisdiction upon the District Court to enter a judgment upon such an award, it must appear from the agreement to arbitrate that the court has jurisdiction of the subject matter of the arbitration; that is to say, it must appear from the agreement to arbitrate that the matter in dispute, exclusive of interest, is of the value of more than $500. Fortune v. Killebrew, 86 Texas, 172; Anderson v. Binford, 58 Tenn., 310; Morse v. Presby, 25 N. H., 302; Ferguson v. Jones, 3 Law. Rep. Ann., 620; Horan v. Wahrenberger, 9 Texas, 319; 1 Black on Judgments, secs. 279, 282.

[No brief for appellee reached the Reporter.]

WILLIAMS, ASSOCIATE JUSTICE.—This is an appeal from a judgment entered upon an award of arbitrators, under the provisions of the statute regulating arbitration. Sayles' Civil Statutes, arts. 42-56.

The agreement between appellant and appellee to submit their differences to arbitration stated that such differences existed "relative to the erection and completion of a certain building," describing it, but did not state the amount or value of the matters in controversy, except that it exceeded $200. It was filed with the Clerk of the District Court, who fixed a time for the hearing before the arbitrators. An award was filed by the arbitrators, in due time, showing that they found that appellant was indebted to appellee in the sum of $1155. The proceedings are regular, and no objection is urged against them, except that discussed below. Appellant moved the court below to dismiss the proceeding, because the agreement to arbitrate failed to state an amount in contro-

versy within the jurisdiction of the court, which motion was overruled, and a judgment was entered upon the award, from which this appeal is taken.

The only contention of appellant is that the proceedings were void, because the agreement to arbitrate did not show that the District Court had jurisdiction. The proposition is that in such a proceeding the District Court exercises a special and limited jurisdiction, and the facts necessary to confer such jurisdiction must appear from the record; and that, as the agreement to arbitrate confers the jurisdiction, it is essential that it show an amount in controversy for which the court has power to render judgment.

If it be true that the principle of law involved in the proposition has application, and that, under it, the jurisdiction of the court must appear from the face of the record, it does not follow that it must appear from the agreement to arbitrate. The rule invoked does not determine what are the essentials to be observed in particular statutory proceedings. That is necessarily to be ascertained from the statute or law regulating the subject. The rule is simply that, in the proceedings to which it has application, the things made by law essential to the power of the tribunal to take the proposed action must be made to appear. How they are to be made to appear depends upon a proper construction of such law. There is nothing in our statute regulating arbitration which requires that the agreement should show the jurisdiction of the court. The statute does require that the agreement be filed in the court having jurisdiction of the subject matter in dispute, and if it were filed in the wrong court, no judgment could, of course, be entered upon the award in that tribunal. But no exercise of jurisdiction is required when the agreement is filed. The only action to be taken is by the clerk, and consists only of the fixing of a time for the hearing of the arbitration. The clerk's action imparts to the agreement and the action taken under it no efficacy whatever. That comes from the law, and is to be subsequently determined by the judgment of the court. The court is to take no action until the coming in of the award, and it is then, for the first time, that any question of jurisdiction is to be judicially determined. The court then has before it the whole proceeding, including the award, and when from that record, the jurisdiction appears, the requirements of the rule relied on are satisfied. The parties seeking judgment present not only the agreement, but the award showing the amount in controversy, and from it the court can see that its jurisdiction exists. No pleadings stating a cause of action are required. McHugh v. Peck, 29 Texas, 146.

An examination of cases which have been decided by the Supreme Court will show that it has not been considered essential that the agreement should show the amount in controversy. Forshey v. Railway, 16 Texas, 518; Owens v. Withee, 3 Texas, 161; Alexander v. Witherspoon, 30 Texas, 291. In each of these cases the agreement to arbitrate is set out in the report of the decision, and in none of them is the value

of the matters in dispute stated. The reports of other cases do not show the contents of the articles, but there does not appear in any of them an intimation of such a requirement as is contended for. In all of them the rule is stated or recognized that the proceedings are to be liberally construed, to advance the remedy. The case of Forshey v. Railway, supra, received very thorough consideration in the Supreme Court. The agreement to arbitrate there, as here, failed to state the amount in controversy, but the award showed an amount within the jurisdiction of the District Court. It was attacked as not being a statutory award, and the District Court so held, and refused to enter judgment upon it. But upon appeal the Supreme Court not only reversed the action of the lower court, but rendered judgment upon the award. The power of the District Court to enter the judgment was expressly attacked, though not upon the point here urged. The judgment of the Supreme Court upon the award necessarily affirmed the jurisdiction to exist. Willis v. Morrison, 44 Texas, 33.

We are of the opinion that it does affirmatively appear from the record that the District Court had jurisdiction of the matter, and that a statement of the matter in controversy in the articles was not necessary.

*Affirmed.*