## GWYANNE v. MANN. (No. 9842.)

(Court of Civil Appeals of Texas. Fort Worth. April 8, 1922.)

1. **Appeal and error** ⊕=1068(1)—**Error in charge not considered by jury held not reversible.**

Error in charging the jury was not reversible where the issues of fact submitted and the jury's findings did not involve the point as to which the error was claimed.

2. **Chattel mortgages** ⊕=5—**Contract to reconvey on return of purchase price held not a mortgage.**

A written contract to reconvey part of the leasehold interest transferred by a contemporaneous conveyance on which the contract is indorsed, if part of the purchase price is returned in 30 days, is not a mortgage.

3. **Mines and minerals** ⊕=74—**Option in part consideration for conveyance enforceable without new consideration.**

An option to repurchase a half interest in a royalty leasehold interest, given in part consideration for the conveyance of such leasehold interest, is enforceable without other consideration.

4. **Trial** ⊕=129—**Remarks of counsel not appealable where provoked by like remarks of opposing counsel.**

Abusive remarks concerning defendant made by plaintiff's counsel cannot be assigned as error where they were provoked by like remarks made by defendant's counsel concerning plaintiff.

⊕=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Young County; H. F. Weldon, Judge.

Action by B. A. Mann against G. G. Gwyanne. From a judgment for plaintiff, defendant appeals. Affirmed in part, and undisturbed in part.

Bell & Bell, of Paducah, Brown & Graham, of Graham, and McLean, Scott & McLean, of Fort Worth, for appellant.

Kay, Akin & Kenley, of Wichita Falls, and Marshall & King, of Graham, for appellee.

DUNKLIN, J. B. A. Mann recovered from G. G. Gwyanne an undivided one-half interest in and to a one-eighth royalty leasehold interest in a certain tract of land in Young county, from which judgment Gwyanne has appealed.

Plaintiff's cause of action was based on a written contract, which was indorsed on a conveyance in writing executed by Mann, by the terms of which he conveyed the entire royalty interest referred to Gwyanne. The contract of Gwyanne, which was the basis of plaintiff's suit, was an agreement to reconvey to Mann a one-half interest in the property and was as follows:

"Breckenridge, Texas, December 3, 1920.

"Mr. B. A. Mann—Dear Sir: Agreeing to our conversation I am willing that you be allowed the privilege of returning one-half the money invested for one-half interest in lease known as McClusky lease, provided payment is made within thirty days.

"[Signed] G. G. Gwyanne."

That contract bore the same date as the conveyance by Mann to Gwyanne, and the jury found that it was executed contemporaneously with and as a part of the same transaction evidenced by Mann's conveyance to Gwyanne. The jury further found that plaintiff in good faith tendered to Gwyanne the amount of money stipulated in Gwyanne's contract to reconvey a one-half interest in the property so conveyed to him; that said tender was made within the 30-day period stipulated in said contract; that such tender had been continued up to the date of the trial, and that plaintiff is still willing to pay to defendant the amount of the tender.

[1, 2] Those findings have not been challenged by appellant; but an assignment is presented to a portion of the court's charge to the effect that, if the two instruments were executed contemporaneously with each other, and as a part and parcel of the same transaction, then the instrument sued on by plaintiff would constitute a mortgage. We do not believe that the instrument did constitute a mortgage, but the error of the court in so concluding could not have influenced the jury in their findings that are noted above. Following the instruction referred to, the simple issues of fact were submitted without any reference whatever to whether the transaction amounted to a mortgage, and the jury's findings of fact did not in any manner involve a finding that such was the legal effect of the transaction. Nor was there any decree establishing or foreclosing a mortgage lien.

[3] The two instruments in writing, considered in connection with the unchallenged findings by the jury, clearly show that at the time Mann conveyed to Gwyanne, and in part consideration for that conveyance, Gwyanne gave Mann an option to repurchase a one-half interest in the property then conveyed. That option was supported by a valuable consideration in the conveyance executed by Mann, and was binding upon Gwyanne, notwithstanding Mann did not then contract to repurchase. The absence of an agreement to purchase enters into every option contract, but they are enforceable nevertheless if supported by a valuable consideration at the outset. 27 R. C. L. 334 to 339. Under the undisputed facts and the findings of the jury related, the judgment in favor of plaintiff was proper. 6 R. C. L. pp. 676, 677.

[4] Another assignment is presented to abusive remarks concerning the defendant made by counsel for plaintiff in his closing argument; but, as shown by the certificate of the trial judge in his approval of defendant's bill of exception, made the basis of the assignment, those remarks were provoked by remarks of like character, and equally improper, directed towards the plaintiff by counsel for defendant in his argument to the jury before the closing argument by counsel for plaintiff. Under such circumstances the assignment must be overruled. T. & P. Ry. v. Garcia, 62 Tex. 285; Willis v. McNatt, 75 Tex. 69, 12 S. W. 478; St. L. & S. F. Ry. v. Daugherty (Tex. Civ. App.) 31 S. W. 705; I. & G. N. Ry. v. Goswick (Tex. Civ. App.) 83 S. W. 423; Lumber Co. v. Denham, 88 Tex. 203, 30 S. W. 856; I. & G. N. Ry. v. Sandlin, 57 Tex. Civ. App. 151, 122 S. W. 60, and other decisions there cited.

The judgment in favor of appellee against appellant from which the appeal was prosecuted is affirmed, but the judgment in favor of defendant Gwyanne against Mann on his cross-action for the sum of $114.50, of which no complaint is made, is left undisturbed.

Affirmed in part, and undisturbed in part.