**Mamie Adele OSBORNE, Appellant,**

v.

**Emogene K. ENGLISH, Appellee.**

**No. 15592.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 16, 1970.

Rehearing Denied Oct. 8, 1970.

Levy, Levy, Schwab & Coughlin, Lawrence M. Coughlin, Galveston, for appellant.

McLeod, Alexander, Powel & Apffel, Ervin A. Apffel, Jr., Galveston, for appellee.

PEDEN, Justice.

This is an appeal from a take-nothing judgment based on jury findings in a personal injury case that arose when Mrs. English accidentally drove her automobile through an exterior wall and into a restaurant, injuring the plaintiff-appellant, Mrs. Osborne.

In response to special issues the jury found 1) that the defendant failed to make such application of her brakes as would have been made by a reasonably prudent person under the same or similar circumstances, but the jury did not find 2) that such failure was a proximate cause of the incident in question. It did not find that the defendant was negligent in any other manner, and it found 11) that the accident in question was the result of an unavoidable accident. It found that the plaintiff's damages amounted to $6074.

No evidence was offered to show that the plaintiff was negligent, and no contributory negligence issues were submitted to the jury.

The appellant's primary position on this appeal is that there was no probative evidence in the trial court to support the jury's negative finding to Special Issue No. 2, that there was "insufficient evidence" and the jury finding on the issue was against the great weight of the evidence. Her first point states that the trial court erred in failing to hold as a matter of law that appellee's (defendant's) negligence was a proximate cause of the incident in question.

█ . The jury's negative answer to Special Issue No. 2 does not constitute a finding that the defendant's negligence was not a proximate cause of the incident; it merely amounts to a failure or refusal by the jury to find from a preponderance of the evidence that the defendant's negligence was a proximate cause of the incident, and means, in law, that the plaintiff failed to carry her burden of proving that it

was. C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191 (Tex.Sup.1966).

The investigating police officer testified that he had found no skid marks or other evidence at the scene to indicate that any attempt had been made to stop the car before it hit the building. He said he checked the accelerator and brakes after the car was backed out of the building and found them to be working normally. He expressed the opinion that the defendant "evidently stepped on the gas instead of the brakes."

Mrs. English testified that she had sold some draperies to a customer in Galveston and had hired Mr. Howard Willis to hang them in the customer's home. She and Mr. Willis, riding in separate cars, had driven into the parking area of a drive-in restaurant and parked, planning to eat lunch in their cars, but then decided to drive on up to the front of the restaurant, park there, and walk into the restaurant for their lunch. Mr. Willis drove over to the restaurant first, and then she drove up beside him, expecting to park her car beside his. She testified that as she was approaching the restaurant, she thought she was going at about ten miles per hour, and her car started accelerating although her foot was not on the gas pedal. She applied her brakes when she was, she thought, about ten or twelve feet from the restaurant building. She was not certain as to the distances. Although she pushed with all her might on the brakes, she then realized that her motor was racing and that her car was out of control. It ran into the restaurant, and she didn't know what stopped her. She was positive that she did not hit the accelerator with her foot. Her foot was still on the brake when a man put his hand in her window, while her motor was still racing, and turned off the ignition switch of her car. She is 67 years of age.

Mr. A. J. Steel testified that he was in the restaurant when the car came into it. The car's motor was still racing, its rear wheels were spinning and it was moving forward very slowly, pushing steam tables

ahead of it, until he turned off its ignition and took the defendant out of it. The tile on the floor had burn marks in it.

Mr. Tony Socias was shown to be qualified as an expert automobile mechanic. He testified that he backed the defendant's car out of the restaurant after the accident. He said he worked the accelerator up and down a few times with his foot before starting the motor. He observed no defect in the accelerator or brakes and testified that under the circumstances found in this case he would not expect to. He said that if a defect in either of them had caused the accident it would still be apparent when he arrived at the scene and that turning off the ignition would not correct any mechanical problem. He admitted on cross examination that the accelerator might temporarily catch on the floor mat. He said that 1960 Ford had no carburetor linkage, just a straight rod from the accelerator to the carburetor. He testified that if the accelerator on an automobile is stuck while the brakes are being applied, the front wheels will lock but the back wheels will still turn because "the accelerator of that motor is greater than the braking power of the back wheels."

Mr. Willis testified that when the defendant drove up beside him to park at the restaurant he noticed nothing unusual about her speed or the sound of her motor but that as her car moved past him the sound of her motor was increasing, or had increased, to the point where its tone was different from that of an automobile being parked. It was racing or accelerating, and was still doing so when the car came to a stop inside the building. He saw black skid marks leading up to the front wheels and found that the vinyl floor tile had been peeled off behind the rear wheels. Mr. Willis then testified as to his experience in working as a mechanic on cars and trucks, and was permitted to testify as an expert mechanic. It was his opinion that the marks on the floor indicated that when the car entered the building the brakes had locked the front wheels but that the motor was going so fast, with the rear wheels in gear, that the engine's horsepower was fighting the brakes on the rear, thus allowing them to spin and tear the vinyl flooring up, until something else stopped the car.

On cross examination Mr. Willis testified that he had done his own automobile repair work for many years and had a 1960 model Ford of his own like the defendant's car. He had had carburetor linkage problems on either that car or a 1959 model Ford he had. He said that "this engine has a tendency to rock when accelerated and it is possible that the carburetor linkage could twist to the point that something would catch it and move it. He has known that to happen. By turning off the engine, you cause it to come back to its normal position, thus unhooking or unlocking what had caught the linkage. He finally repaired his own linkage problem after three or four mechanics had failed to find it.

He admitted it would have been possible for the accident to have been caused by the defendant's having hit her accelerator instead of her brakes.

The defendant testified that her car was checked right after the accident and it was found that a motor support was loose and that the frame was bent. She had no other repairs made after the accident and had never had any trouble with the accelerator or brakes.

The jury was entitled to believe the defendant's positive statement that she did not have her foot on the accelerator when her engine was racing and to accept Willis' testimony that acceleration of "this engine" can cause it to twist and thus catch or move the linkage that connects the accelerator to the carburetor; the jury may well have considered this explanation was substantiated by the testimony that when the defendant's car was taken directly to a repair garage it was found that a motor support was loose.

Viewing the evidence in its most favorable light in support of the jury's negative finding to Issue No. 2, we hold that there was some evidence to support such finding, and having examined all the evidence in the case, we conclude that such finding was not contrary to the great weight and preponderance of the evidence.

The appellant next raises several points of error relating to the submission of, and answer to, the unavoidable accident issue. She states that by the nature of the facts in the case such points of error are so closely interrelated to her arguments on the proximate cause issue that she attacks the unavoidable accident submission and finding with the same arguments and for the same reasons as she has attacked the finding of the jury on proximate cause.

We conclude that the evidence which we have already noticed was sufficient to support the submission of, and answer to the unavoidable accident issue in that it raised a fact issue that something other than the negligence of one of the parties to the accident proximately caused the injuries. Dallas Railway & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379 (1952).

Appellant next contends that the trial court erred in overruling her objection to the inclusion in its definition of proximate cause a definition of new and independent cause, because the evidence does not support the submission of new and independent cause. We overrule the point; in objecting to the inclusion in the charge of the definition of new and independent cause, the appellant failed to state any grounds of her objection. If there was anything wrong with the wording of the definition, it was waived by failure to point out the defect in the objections to the court's charge. Rule 274, Texas Rules of Civil Procedure; Larson v. Ellison, 147 Tex. 465, 217 S.W.2d 420 (1949); Employment Advisors, Inc. v. Sparks, 368 S.W.2d 199 (Tex.Sup.1963).

We are of the opinion that the trial judge did not abuse his wide discretion in permitting Mr. Willis to give opinion testimony as an automobile mechanic. Willis testified that he did not repair cars for a living but had done a lot of automobile mechanic work in the last 25 years, had done maintenance repairs on trucks as part of his employment and was sometimes paid to do repair work on automobiles. We agree with the trial judge's presumed conclusion that Willis was shown to possess a knowledge or skill not had by people generally, and that his opinion would probably be of assistance to the jury. See 2 McCormick and Ray, Texas Law of Evidence (2nd Ed.) 233–235, §§ 1400, 1401.

Appellant's final point of error is that the trial court erred in sustaining the appellee's motion in limine to exclude testimony concerning the property settlement made by the appellee's liability insurance carrier. We overrule the point. Article 3737f, Vernon's Civil Statutes, provides:

"In a lawsuit being tried before a jury for damages for personal injuries which resulted from an occurrence which is also the basis for a claim for property damage and/or payment of medical expense, no evidence is admissible which informs the jury that the property damage claim or medical expense has been paid or settled."

This statute became effective on June 10, 1969, and the trial of this case was begun on June 16, 1969.

Affirmed.