**ROBERTSON TANK LINES, INC., et al.,
Appellants,**

v.

**John H. WATSON et al., Appellees.**

No. 7419.

Court of Civil Appeals of Texas,
Beaumont.

March 1, 1973.

Motion for rehearing overruled
March 22, 1973.

Russell McMains, Houston, for appellants.

Dale Friend, Marc A. Sheiness, Shirley Helm, Houston, for appellees.

STEPHENSON, Associate Justice.

Two suits for damages arising out of an automobile and truck collision were consolidated in the court below. Trial was by jury and judgment was rendered for plaintiffs upon the verdict. It will be necessary to use the parties' names in many instances for clarity.

The two suits arose out of an intersection collision between defendant's truck (driven by Clarence Watson) and an automobile driven by plaintiff, Ray Adams. The Adams vehicle then collided with the automobile driven by plaintiff, John Watson. Separate suits were filed against defendant, Robertson Tank Lines, Inc., and consolidated under motion filed by defendant. However, in the suit filed by plaintiff Watson, defendant's driver, Clarence Watson, was not made a party, although such driver was made a party defendant in the Adams suit.

The judgment entered by the trial court does not mention the defendant, Clarence Watson, until the last paragraph in which the name Clarence Watson is interlined to show that he objected, excepted and gave notice of appeal. Defendants filed a motion for judgment nunc pro tunc, asking the trial court to correct its judgment which omitted recovery of plaintiff Adams against defendant Clarence Watson. The trial court overruled defendant's motion and that action is made the basis of defendant's first point of error here that there is no final judgment in this case. This point is overruled.

The disposition of this point is controlled by the rule announced in North East Independent School District v. Aldridge, 400 S.W.2d 893, 897–898 (Tex.1966) as follows:

"Analysis of the decisions we have discussed is sufficient to lead us to the statement of a rule for determining, in most instances, whether judgments in which parties and issues made by the pleadings are not disposed of in express language are, nevertheless, final for appeal purposes. When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issues having been entered pursuant to Rule 174, Texas Rules of Civil Procedure, it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties. A claim duly severed under Rule 41 is a 'case' within the meaning of the foregoing rule. The rule will be subject to the exception created by Davis v. McCray Refrigerator Sales Corporation [136 Tex. 296, 150 S.W.2d 377]; but it will apply to separate claims of the plaintiff, cross-actions and counterclaims by defendants against the plaintiff, cross-actions by defendants against other defendants and cross-actions by defendants against third-party defendants."

The exception mentioned [Davis v. McCray Refrigerator Sales Corporation, 136 Tex. 296, 150 S.W.2d 377 (1941)] has no application to the situation before us.

■ Applying the *Aldridge* rule to the present case, the judgment here is not intrinsically interlocutory in character and was rendered following a conventional trial on the merits in which there was no order for separate trial of issues. It is presumed that the trial court intended to and did dispose of all of the parties legally before it and of all issues made by the pleadings between such parties. Even though defendants argue that their point of error is based upon the trial court's refusal to grant their motion for judgment nunc pro tunc, this approach does not alter the basic question as to the finality of the judgment. The *Aldridge* case still controls this question. See also Daniel Lumber Co. v. Settlemire, 256 S.W.2d 922 (Tex.Civ.App., Beaumont, 1953, error ref. n. r. e.), a case in which the facts are very similar to the one before us. In that case, the defendant's truck driver had been made a party defendant but had not been specifically disposed of in the judgment. That court reasoned as follows: that the driver was not a necessary party to the suit; that both the employer and employee were liable for the whole amount of the judgment; that they were not adverse parties to each other and were represented by the same counsel; that no cross-action had been filed for indemnity or contribution; that the employer was not precluded from recovery of contribution later; and, in any event, no harm had been shown under Rule 434.

Defendants next complain that it was error for the trial court to admit testimony that defendants had made a compromise settlement with a witness of a claim arising out of the same collision. The record in this case shows that Larry Martin was the driver of still another automobile which was struck by the Adams vehicle in this collision. Defendants called Martin as a witness to testify as to the facts surrounding this accident. On cross examination, counsel for both plaintiffs were permitted to question Martin as to a compromise settlement agreement with Robertson Tank Lines, Inc. Counsel for defendants objected to such testimony but did not ask the court to limit the purpose for which the testimony was admitted, even though counsel for plaintiffs stated to the court, outside of the presence of the jury, that this evidence was admissible to show prejudice, bias or interest.

We have made a careful study of the cases cited to us by defendants supporting their position as to this point of error. None of these cases pass directly upon this matter. These cases are: American General Ins. Co. v. Fort Worth Transit Co., 201 S.W.2d 869 (Tex.Civ.App., Fort Worth, 1947, no writ); McGuire v. Commercial Union Insurance Co. of N. Y., 431 S.W.2d 347 (Tex.1968); Skyline Cab Co. v. Bradley, 325 S.W.2d 176 (Tex.Civ.App., Houston, 1959, error ref. n. r. e.), and Otwell v. Scott, 425 S.W.2d 9 (Tex.Civ.App., Texarkana, 1968, no writ). All of these cases support the proposition that evidence of a compromise settlement agreement is not admissible to show an admission of liability or against interest. None of these cases deals directly with the question as to admissibility of such evidence for impeachment purposes to show interest, prejudice or bias.

■ Defendant also argues that such evidence is inadmissible under Art. 3737f, Vernon's Ann.Civ.St., which reads as follows:

"In a lawsuit being tried before a jury for damages for personal injuries which resulted from an occurrence which is also the basis for a claim for property damage and/or payment of medical expense, no evidence is admissible which informs the jury that the property damage claim or medical expense has been paid or settled."

That statute became effective June 10, 1969, and we have found only one case passing upon it since that time. Osborne v. English, 458 S.W.2d 209, 213 (Tex.Civ.

App., Houston [1st Dist], 1970, error ref. n. r. e.), is a case in which the trial court sustained the defendant's motion in limine to exclude testimony concerning the property settlement made by defendant's insurance carrier with plaintiff. Neither the statute nor the *Osborne* case have application to the case before us. If defendants in our case had made property settlements with either or both of the plaintiffs, then, clearly, evidence as to such property settlement would not have been admissible under Art. 3737f, V.A.C.S.

■ At the outset, we have serious doubt that the settlement made with Larry Martin is a "compromise settlement agreement" in spite of the recitation contained in the release executed by Martin. According to Martin's testimony, they asked him to submit an estimate as to the cost of repairs to his automobile and he did and they paid it. He did not request any amount other than that paid. He did not know why they settled with him. They made a voluntary offer. See *Jackson v. Clark*, 351 S.W.2d 292 (Tex.Civ.App., Amarillo, 1961, error ref. n. r. e.). We reach the result that the testimony was admissible, regardless of whether this was a "compromise settlement agreement" with Martin.

We have concluded that this case is controlled by *Hyde v. Marks*, 138 S.W.2d 619 (Tex.Civ.App., Fort Worth, 1940, dism. judg. cor.). That case involved a collision between a bus and an automobile driven by plaintiff. The court permitted plaintiff to cross-examine three witnesses called by defendant who were passengers on the bus and show they received money from defendant prior to the time they offered to testify in the case. The opinion contains these statements of law:

"We are not unmindful of the general rule so well established that compromises and offers of compromises are not admissible in evidence, yet we think the rule not applicable here. There is another

rule of procedure equally as well settled as the one mentioned; it being that a party on cross-examination may develop any fact or circumstance which tends to show interest, prejudice or bias of a witness. Defendant introduced three witnesses who were passengers on the bus at the time of the collision; their testimony was such as to exonerate the bus driver of negligence, and to place the whole blame on plaintiff for the accident. In many respects their testimony was more favorable to the proper conduct of the driver than was his own. On cross-examination, plaintiff developed from the testimony of each of the witnesses that they had been paid for their respective claims against defendant. In offering the testimony, plaintiff's counsel stated to the court that he was offering the testimony to show the interest of the witness in the controversy between the parties.

"Such testimony as that complained of is admissible as affecting the credibility of the witness before the jury. There is good reason for such a rule. The jury is entitled to know any fact which would tend to influence the testimony given by a witness; his interest in the outcome of the suit is a potent factor. The interest of a witness may be determined by a cross-examination on any point that is calculated to disclose a motive for the testimony offered. The rule is based upon the theory that the jury should know such facts, the better to enable them to weigh the words of the witness. *Trinity County Lumber Co. v. Denham*, 88 Tex. 203, 30 S.W. 856." (138 S.W.2d at 623)

The court went on to say that the evidence was not admissible to establish a confession of negligence and, if requested, the trial court could have limited the testimony to showing the credibility of the witnesses. However, in that case as in the one before us, no such request was made.

■ Defendants have points of error that the jury finding that plaintiff John Watson was damaged in the amount of $75,000 is supported by no evidence, insufficient evidence, and that such finding is against the overwhelming weight and preponderance of the evidence. We consider only the evidence favorable to such finding in passing upon the no evidence point, and the entire record in passing upon the other two points of error.

The jury found plaintiff John Watson to have been damaged as follows: past physical pain and mental anguish, $10,390; future physical pain and mental anguish, $25,000; past loss of earnings, $3,000; loss of earning capacity, $25,610; physical impairment in the past, $1,500; future physical impairment, $1,000; and future medical expense, $9,000. The parties stipulated past medical expenses of $1,804.59. The total amount of these damages was $77,-304.59 which was reduced by the trial court to $5,000 to conform with the pleadings.

■ We consider first the evidence favorable to the jury findings. The physical evidence including the photographs of plaintiff Watson's automobile shows this collision was a violent one. His automobile was damaged so severely on the driver's side that the door could not be opened. He was in a semiconscious condition with his head bleeding and his back, chest and ribs hurting. He was carried to the hospital in an ambulance where he remained for five days. He has been receiving medical attention since the date of this accident, July 28, 1969, through the date of trial, February 22, 1972. He was off from work for nine weeks before returning because of economic necessity. He has been unable to do many things, both at home and at work, that he could formerly do. Dr. Louis F. Brignac, Jr. saw him in the emergency room after the collision and treated him until he was discharged. He sutured plaintiff's lacerated forehead and face and had X-rays taken which revealed three fractured ribs. Plaintiff complained to him of pain in his chest and lower back. He found muscle spasm indicating some injury to the soft tissues. Dr. Frank L. Barnes, whose specialty is orthopedic surgery, saw plaintiff first on May 4, 1971. He has continued to see him once or twice a month since. Plaintiff has continually complained of pain in his upper back. His examinations revealed tenderness of the upper thoracic and lower cervical spine. Neurological examinations showed the absence of certain reflexes. X-rays taken at the time he first saw plaintiff showed the tips of some of the vertebrae to be deformed as if they had been fractured. He concluded that plaintiff had some fractures to the spinous processes which indicated a good deal of muscle damage. He was probably having a chronic strain or myositis and chronic irritation to the muscles of his back due to the injury he received in this accident. His condition is pretty static as of the date of trial and he will need medical care in the future from that day forward. He will continue to need physical therapy and medication. All of this evidence supports the jury findings.

Considering the record as a whole, even though there is evidence which would indicate that plaintiff's injuries are not severe, we do not find the jury's answers to the damage issues to be clearly wrong or manifestly unjust. The points of error are overruled.

Affirmed.