Leo **WATKINS**, Trustee, et al., Appellants,

v.

Robert **YANCEY** et al., Appellees.

No. 8158.

Court of Civil Appeals of Texas, Texarkana.

May 8, 1973.

Wyatt W. Lipscomb, Garland, Harlan Harper, Jr., Fanning & Harper, Dallas, for appellants.

G. Ward Beaudry, Lane, Savage, Counts & Winn, Dallas, for appellees.

CHADICK, Chief Justice.

"This suit was brought by Robert Yancey, and six other residents of the State of Texas, either residing in or owning lots in Dal-Castle Addition to the City of Garland, Dallas County, Texas, against Leo Watkins and two other named trustees of the Southgate Baptist Church for the purpose of determining and declaring the three (3) lots in Dal-Castle Addition owned by the Appellant Trustees restricted to residential use only and further declaring the foundation constructed by Appellants to be in violation of the restriction, and to require the removal of the foundation from the property. * * * *

"A trial before a jury resulted in a judgment declaring the three (3) lots to be restricted to residential use only and [such deed restriction to be] binding upon Appellants and all successors in title, declaring the structure commenced by Appellants for use as a church to be a violation of the residential only restriction, permanently restraining Appellants and all successors in title from completing any structure for use other than as a single family residence upon such land, and commanding Appel-

lants and all successors to remove the foundation of the church within not more than sixty (60) days." The foregoing extract from appellees' brief appears to be substantially correct and with an explanatory interpolation is adopted as a statement of the case. More detail will be added as found necessary in the course of discussion. The plaintiffs in the trial court are appellees here; the defendants are appellants.

The appellants have briefed ten points of error. These ten have been combined into groups for discussion in appellants' brief, the first three embraced in the first group and the last seven constituting the second. The ten points are as follows:

"*First Point*—The Trial Court erred in that it did not grant a new trial because there was jury misconduct in that jury discussed matters outside of record.

"*Second Point*—The Trial Court erred in that there is no evidence to support the jury finding on issue No. 9, that Garland Revival Center did not begin to operate as a church in 1963.

"*Third Point*—The Trial Court erred in refusing to grant Defendant motion for verdict non obstante veredicto because as a matter of law based on uncontroverted evidence the Appellees were barred by the two year and four year statute of limitations.

"*Fourth Point*—The Trial Court erred in that there is no evidence to support the finding in issue No. 8, that the plan of development has not been abandoned.

"*Fifth Point*—The Trial Court erred in refusing to grant Defendant's motion for verdict non obstante veredicto because all the evidence showed the plan of development abandoned.

"*Sixth Point*—The Trial Court erred in refusing to set aside the jury finding in special issue No. 13, to the effect that the Appellees had not failed to enforce Deed restrictions in Dal Castle Estates.

"*Seventh Point*—The Trial Court erred in failing to disregard jury finding to special issue No. 18, in that there is no evidence to support the jury finding.

"*Eighth Point*—The Trial Court erred in not holding that Appellee, Southwest Development Corporation had waived its right to enforce Deed restrictions by its failure to act upon open and obvious violations.

*Ninth Point*—The Trial Court erred in not holding that Appellee Yancey, et al, had waived their right to enforce Deed restrictions because they purchased their respective lots at a time when there was an open and obvious violation of the Deed restrictions.

"*Tenth Point*—The Trial Court erred in failure to hold Appellees estopped from enforcing Deed restrictions, because the Appellees prior failure to enforce Deed Restrictions led Appellants to believe that the Appellees would not enforce the Deed restrictions."

A different grouping of the points will be made in the discussion that follows.

■ For convenience, consideration will begin with the second point. Special Issue No. 9 and the jury's verdict thereon is as follows:

"SPECIAL ISSUE NO. 9—Do you find from a preponderance of the evidence that in 1963 Garland Revival Center began operation as a church in a building on Lot 1, Block D, of Dal-Castle Addition?

Answer 'Yes' or 'No.'

ANSWER: No"

In this issue the trial court cast the burden upon the appellants to prove by a preponderance of the evidence "that in 1963 Garland Revival Center began operation as a church in a building on Lot 1, Block D, of Dal-Castle Addition." The jury's "No" answer constituted a refusal to find such fact, and nothing more. C. & R. Transport Inc. v. Campbell, 406 S.W.2d 191 (Tex.Sup.1966); Pacific Coast Engineering Co. v. Trinity Const. Co., 410 S.W.2d 797 (Tex.Civ.App.Waco 1967, writ ref'd, n. r. e.); Smith v. Safeway Stores, Inc., 433 S.W.2d 217 (Tex.Civ.App.Tyler 1968, writ ref'd, n. r. e.); Weiser v. Hampton, 445 S.W.2d 224 (Tex.Civ.App.Houston 1st, 1969, writ ref'd, n. r. e.); Osborne v. English, 458 S.W.2d 209 (Tex.Civ.App. Houston 1st 1970, writ ref'd, n. r. e.); Rose v. Sher, 483 S.W.2d 297 (Tex.Civ.App. Houston 14th, writ ref'd, n. r. e.). The second point as worded does not present a material question for review by this court. The jury simply refused to find that in 1963 Garland Revival Center began operation as a church. The jury's refusal to find the 'Revival Center began' does not constitute a finding as stated in the point of error that the 'Revival Center did not begin.' Nor does the trial court judgment rest upon the finding recited in the point. See Calvert, "No Evidence" and "Insufficient Evidence," 38 Tex.Law Rev. 361–364. The point is overruled.

■ A principal contention advanced in the statement and argument under the third point of error is that the evidence shows as a matter of law that a church, Garland Revival Center, was established upon a lot in the addition in 1963 and that such use of the lot violated the *residential use only* deed restriction. Proof was introduced that a building was located on one of the restricted lots as early as 1953. The building, or lot, had a sign on it bearing the inscription, "Garland Revival Center." One witness heard "lots of singing" emanating from the building. Another saw "about five cars" parked around the building when services were held in it. Numerous witnesses saw the building; some called it a church building, others did not, one called it a barn. The building was described as being small, of frame construction, and without windows. One of the appellant trustees testified that services had been held at the church building "con-

sistently for the last four or five years," and that he understood a revival meeting testified. To prove as a matter of law under a tent was in progress at the time he that a church known as Garland Revival Center was established, as alleged, would require evidence so clear and cogent that reasonable minds would not disagree as to its effect; and such fact must be the only conclusion reasonably to be drawn from the evidence. 56 Tex.Jur.2d Trial, Sec. 212.

 It is to be observed that the testimony tending to prove establishment of a church is conclusory in nature, largely the opinion of lay witnesses, and probably received as a shorthand rendition of the facts. No witness testified to attendance upon a worship service at the building or to being present in the building at a religious meeting, service or ceremony. Occupancy or not of the building as a residence is not mentioned. No description was given of proceedings within the building, except hearing the sound of singing voices. Peripheral evidence, such as the sign, the building, singing, and people congregating appears as a basis for the witnesses' conclusions that the lot was devoted to use by a church. The meaning of the term *church* is governed by the context in which it is used. Commonly, the term *church* and *religious society* are used interchangeably. Depending upon the context, the term *church* may refer to the building used regularly for worship by a religious society, or it may refer to the religious society itself. For definitions, see 76 C.J.S. Religious Society Sec. 1; 50 Tex.Jur.2d Religion and Religious Societies, Sec. 1; 45 Am.Jur. Religious Societies, Sec. 2. In a general sense, a church is an organization for the worship of God. In Stubbs v. Texas Liquor Control Board, 166 S.W.2d 178 (Tex.Civ.App. Dallas 1942, ref'd w. o. m.), it is said: "A church is a place where persons regularly assemble for worship * * *." In Church v. Bullock, 104 Tex. 1, 109 S.W. 115 (Tex.Sup.1908) it is said: "As used in the Constitution, the phrase,

'place of worship' specifically means a place where a number of persons meet together for the purpose of worshipping God. * * * We do not undertake to state any rule as to what will constitute 'a place of worship.' That must necessarily depend upon the facts of each case." The evidence previously indicated does not, as a matter of law, eliminate every reasonable conclusion except that the structure or those using it constituted a church. Consequently, the claim fails that a church occupied the lot and thereby violated deed restrictions as a matter of law. The limitation question argued under the point is not reached and the point is overruled.

The fourth through the tenth points of error have been examined carefully and are overruled. The fourth and sixth points present questions analogous to the question presented by the second point of error, and for reasons analogous to those there discussed are overruled. The merit of the fifth, seventh, eighth, ninth and tenth points depend upon the facts of the case and supportive fact findings were not made by the jury and do not appear as a matter of law.

The first point of error remains for disposition. The record contains two affidavits made by the foreman of the jury. In the first, dated September 15, 1972, it is said:

"I am one and the same W. E. Wagley that served as foreman of the jury in the case of Yancy vs. Watkins in relation to the special issues the jury discussed the fact that the Garland Revival Center was not a church but a revival center. A revival organization can have an office in someone's front room and function as an organization. A revival center does not function in any one place but are brought in by the church fathers to conduct a service or services and then move on. There were no pastors or board of deacons which would be a part of a regular church.

"I have owned lots all over Dallas, that I owned some lots in subdivisions and I know that even though all of the lots had not been built upon in Dal-Castle Estates that the subdivision plan of development had not been abandoned and that I certainly did not abandon my property just because houses were not built. I was one of the first owners in my addition where I live and based on my experience as a licensed real estate broker and property owner, we knew that just because houses had not been built that the plan of development had not been abandoned."

The second is this:

"I am one and the same W. E. Wagley who served as foreman of the jury in the case of Yancy vs. Watkins, in Dallas, Texas, and this affidavit is in reference to the affidavit or statement signed by me the 15th day of September, 1972.

"Referring to the first paragraph of that statement, I did not mean to say that the jury discussed anything not in evidence.

"Referring to the second paragraph of that statement, I did not mean to say that I volunteered any information to the jury that was not common knowledge."

The affidavits are to some extent contradictory and inconsistent. It became the trial judge's duty to determine the fact issue made by these documents. The act of overruling the appellants' motion for new trial implies the trial judge found that jury misconduct did not occur. Such conclusion is final and governs this appeal. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462 (1943). The point is overruled.

Having concluded that reversible error is not shown, it becomes the duty of this court to affirm the judgment of the trial court. It is so ordered.