T. J. WILEY v. R. H. SHIVEL ET AL.

Decided January 11, 1905.

**Plea of Privilege—Residence—Knowledge—Evidence.**

On a plea of privilege asserting that defendants, who had been sued as parties whose residence was unknown, were residents of another county, and known by plaintiff to be so, the latter should have been permitted to show inquiries made by him of others as to defendants' residence and the answers received.

Appeal from the County Court of Travis. Tried below before Hon. Jas. R. Hamilton.

*Geo. E. Shelley,* for appellant.—The excluded testimony set out in said bills of exception was relevant and highly important and material to plaintiff's case, and should have been admitted because of its bearing upon the question of plaintiff's good faith in alleging and making affidavit to the fact that the residence of defendants was unknown to him at

time of filing this suit.   O'Neil v. Bank, 67 Texas, 39; Hamburg v. Wood, 66 Texas, 176; 1 Wharton on Ev. (2d ed.), 835; 1 Greenleaf on Ev. (16th ed.), sec. 101; Abbott's Trial Ev., 739.

*James & Yeiser*, for appellees.—When the residence of the defendants is in fact known to the plaintiff, who makes a fraudulent affidavit for the purpose of conferring venue on the court, the proceedings merely bring the defendants into court, and upon their showing that their residence was in fact known to the plaintiff, or was so notorious that it should have been known to him, their plea of privilege should be sustained.   Hobson v. Caswell, 36 S. W. Rep., 312, 13 Texas Civ. App., 492.

A case will not be reversed because of the exclusion of testimony on objection when the same testimony was admitted at another stage of the trial without objection.   Denison & P. S. Ry. Co. v. O'Mally, 18 Texas Civ. App., 203, 204; Gulf, C. & S. F. Ry. Co. v. Baugh, 43 S. W. Rep., 557; Blooming Grove, etc., Co. v. Bank, 56 S. W. Rep., 552; Nunn v. Mayes, 9 Texas Civ. App., 369; Norton v. Maddox, 66 S. W. Rep., 321; Perry v. Patton, 68 S. W. Rep., 1018, 1019.

KEY, ASSOCIATE JUSTICE.—T. J. Wiley brought this suit against R. H. Shivel and G. A. Stewart.   The plaintiff alleged in his petition that the residence of the defendants was unknown to him at the time of filing this suit, and made affidavit to that fact.

The defendants filed pleas in abatement, showing that they were residents of Grayson County at the time the suit was filed.   These pleas were in proper form, and the trial court, after hearing the testimony, which authorized findings that the pleas were true and that the plaintiff knew the residence of the defendants, sustained the pleas in abatement and dismissed the suit.   The plaintiff has appealed.

We sustain appellant's first assignment of error complaining of the action of the court in not permitting him to testify concerning the efforts made by him to ascertain the residence of the defendants, and the information given him by the telephone operator, when he sought to communicate with them by telephone, to the effect that she was unable to get either of the defendants in Sherman, where they had formerly lived, for the reason that neither of them was there—that they were out of business in Sherman, and had left the city.   It is true that this testimony was hearsay, but the rule excluding hearsay evidence is not absolute, and this character of testimony falls within a well-established exception to the rule.   Whenever it devolves upon a party to show the efforts he has made to ascertain the residence or whereabouts of another person, it is permissible for him to show that he has made inquiries of other persons who might be expected to know, and the replies made by such persons.

On the other questions presented in the briefs, we rule against the appellant.   For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*