## FELL v. KIMBLE.

(Court of Civil Appeals of Texas. Austin. March 5, 1913.)

TRIAL (§ 127*)—CONDUCT OF COUNSEL—PREJUDICIAL ERROR.

In a personal injury action it is reversible error for plaintiff's attorney to attempt to show over objection that because of indemnity insurance defendant will not be required to pay any judgment rendered against him, as by asking if a certain person who procured statements from witnesses was not a representative of an indemnity insurance company.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 275; Dec. Dig. § 127.*]

Appeal from District Court, McLennan County; Marshall Surratt, Judge.

Action by O. E. Kimble, by next friend, against Frank Fell. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

T. L. Camp, of Dallas, and Spell & Sanford, of Waco, for appellant.

RICE, J. This suit was instituted by appellee against appellant, a contractor, to recover damages for personal injuries, alleging that he was employed by appellant, who was engaged in remodeling a three-story brick building in Waco, and that at the direction of appellant's foreman appellee, with two others, got into the elevator to descend from the top of the building, and was injured by the falling of said elevator some 50 feet to the ground below, owing to its defective condition, and on account of its being improperly and negligently operated. After a general demurrer and general denial, appellant pleaded that appellee remained on the premises after the close of working hours of his own accord, and at the time of his injuries he was not engaged in the performance of any duty under his employment, and his presence on the elevator was unknown to appellant's foreman, and that said foreman had not instructed, invited or directed appellee to ride on the elevator; and likewise defended on the ground of assumed risk. There was a verdict and judgment on behalf of appellee, from which this appeal is prosecuted.

It seems that one Hays, the representative of an indemnity insurance company, after the accident procured from John Pinto and several others a detailed account of the occurrence; and, after said Pinto had testified in behalf of appellee, his attention was called to said statement, which he identified, and he was asked numerous questions relative thereto by counsel for appellant, with the evident purpose of impeachment. On re-examination of this witness by counsel for plaintiff, as well as on the cross-examination of the defendant himself, said counsel was permitted, over objection of appellant, among other things to ask both of said witnesses if it was not true that said Hays, who procured said statements, was the representative of an indemnity insurance company. It further appears from the record, by the affidavits of two of the jurors, that this matter was referred to and discussed in the jury room while the jury were deliberating upon the case; but said two jurors stated that they were not influenced in reaching their verdict by reason thereof; but one of them stated that this discussion occurred prior to reaching a verdict, while the other stated that it did not happen until after the verdict had been agreed to and signed, but before it was returned into court.

The several assignments of error on the

part of appellant properly challenge the ruling of the court in permitting the questions to be asked, over appellant's objection, as above indicated. It has been frequently held by the courts of this state, as well as those of other jurisdictions, that it is improper to indulge in this character of inquiry; and, irrespective of whether the witnesses were permitted to testify or not in answer to such questions, the mere asking of the question itself was sufficient ground to cause a reversal. See Levinski v. Cooper, 142 S. W. 959; Beaumont Traction Co. v. Dilworth, 94 S. W. 352; Harry Bros. v. Brady, 86 S. W. 616; Lone Star Brewing Co. v. Voith, 84 S. W. 1100; Trent v. Lechtman Prtg. Co., 141 Mo. App. 437, 126 S. W. 238; Gore v. Brockman, 138 Mo. App. 231, 119 S. W. 1082; Barrett v. Bonham Oil & Cotton Co., 57 S. W. 602.

Without undertaking to review the holding in these several cases, we think it sufficient to say that they establish the doctrine that it is reversible error on the part of the plaintiff's counsel to undertake to show over appellant's objection that he will not have to pay any judgment that will be rendered against him on account of the fact that he is indemnified by insurance against such loss; and the mere asking of such questions, over objection, is sufficient ground for reversal.

For the reasons indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.