## HOUSTON CAR WHEEL & MACHINE CO. v. SMITH.

(Court of Civil Appeals of Texas. San Antonio. Oct. 29, 1913. Rehearing Denied Nov. 19, 1913.)

APPEAL AND ERROR (§ 1060*)—TRIAL (§ 108½*) —PREJUDICIAL ERROR — EXAMINATION OF JUROR.

Where the attorney for an injured servant, on the voir dire examination of a juror connected with an indemnity insurance policy, after ascertaining that the master had no policy with the juror's company, asked further questions, endeavoring to insinuate that the master was protected by such a policy, his conduct was improper and highly prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4135; Dec. Dig. § 1060;* Trial, Dec. Dig. § 108½.*]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by Richard Smith against the Hous-

ton Car Wheel & Machine Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Andrews, Ball & Streetman and W. L. Cook, all of Houston, for appellant. John Lovejoy and Presley K. Ewing, both of Houston, for appellee.

TALIAFERRO, J. This suit was brought in the district court of Harris county, Tex., by appellee, Richard Smith, to recover damages for personal injuries alleged to have been sustained in the service of the Houston Car Wheel & Machine Company on or about the 15th day of May, 1911. The cause was submitted to the jury on April 26, 1912, and the jury returned a verdict in favor of appellee for the sum of $8,000. Upon this verdict judgment was rendered against appellant for said amount.

Appellant's first and fourteenth assignments of error, which complain that the court refused to give to the jury a peremptory instruction in its behalf, and contending that the verdict and judgment are not supported by the evidence, are overruled; but, inasmuch as the case must be reversed upon other grounds, we deem it improper to discuss the evidence in this connection.

The second, third, fourth, fifth, sixth, seventh, eighth, and ninth assignments of error will not be considered. These assignments are in such violation of Court of Civil Appeals rule 31 that they are not entitled to consideration. The courts are ordinarily lenient in the enforcement of the rules; but, where the statement under a proposition amounts practically to a reference to the transcript and statement of facts for the proceedings necessary to sustain the contention, the complaisance of the court must come to an end.

Appellant's tenth assignment of error is as follows: "The court erred to the prejudice of the defendant in overruling and not granting defendant's motion for a new trial upon the ground complained of in paragraph 22 of said motion; same being to the effect that plaintiff's counsel, while questioning the jury panel upon their voir dire, was guilty of improper conduct and of conduct seriously prejudicial to the rights of defendant, in that said counsel, by means of questions propounded to a juror, named Spurck, in the hearing of all the panel, persistently suggested to the jurors and all of them that this suit was being defended by a liability insurance company, and that such liability insurance company and not the defendant would have to pay off and satisfy such judgment as might be rendered in the cause, all of which more fully appears from defendant's bill of exception No. 1."

The eleventh, twelfth, and thirteenth assignments complain that the court erred in refusing to permit defendant to withdraw its announcement of ready and postpone or continue the case or to quash the panel because of the improper conduct complained of in its tenth assignment and set out in its bills of exception Nos. 1 and 2. The first bill of exception sufficiently states the facts and the contentions of appellant so that one alone will be copied here:

"Be it remembered that upon the trial of the above-styled and numbered cause, and while plaintiff's counsel, Mr. Ewing, was examining the jury panel upon their voir dire, he asked one of the jurors, Spurck by name, the following questions, and in response thereto received the answers stated: 'Q. Mr. Spurck, you are representing an insurance company carrying indemnity against accident. A. Yes, sir. Q. Has your company a policy with the defendant's company? A. No, sir; not that I know of—at least it didn't pass through my office. Q. Would the fact that the defendant company might have or carry an accident policy in some other company indemnifying it against loss tend to influence your action, if you were selected to serve as a juryman in this case? A. It would not.' These questions were asked and the answers made thereto by said juror in the presence and hearing of all the panel, from which the jury which thereafter tried the cause was selected.

"Be it further remembered, that when the first question above stated was asked by plaintiff's counsel, the appellant's attorneys objected, and requested the court to prevent further interrogation along the line thereof, and thereafter objected to the court to each succeeding question and the answer thereto, and requested that a bill of exception be allowed thereto.

"Be it further remembered, that when the first question above set forth was asked, the court suggested to counsel for the plaintiff that he, the court, did not think this a proper inquiry, to which counsel for plaintiff replied, 'that this is the only means or method of information to enable the plaintiff to intelligently pass on the qualifications of the juror,' and insisted, out of the hearing of the jury, on their right to do so, and, the court being of the opinion that a discussion between the court and counsel would only tend to further direct the jury's attention thereto, suggested to counsel for plaintiff, out of the hearing of the jury, that they must assume the responsibility of that line of inquiry, and that defendant was entitled to its bill of exception. The court further certifies that after the statements next above recited, by the court and counsel for the plaintiff, plaintiff's counsel asked, and there was answered as stated, the questions above set forth following the first question and answer. To which proceedings and the conduct of counsel for plaintiff above set forth, the defendant then and there objected and excepted, and here now tenders their bill of exception thereto, and prays that the court allow and direct the filing of same, which is accordingly done."

We will not go so far as counsel for appellee, when he says in his brief, while commenting upon the case of Beaumont Traction Co. v. Dilworth, 94 S. W. 356, that the conduct of counsel in "a persistent effort to impress the jury with the idea that an insurance company, and not the local defendant in the case, would be called upon to respond to such damages as the jury might assess" was reprehensible; but we will say that the courts do not look with favor upon such practice, and, where it is fairly apparent that the course of counsel in such a case was for the purpose of fixing in the minds of the jury that the defendant carried such insurance for its protection, and that, in case they found a verdict for plaintiff, an insurance company, and not the local defendant, would be obliged to pay the damages, the cases have uniformly been reversed. This rule is founded upon the most substantial reasons of justice. Theoretically, of course, it should be true that the ultimate result would be the same, and that the verdict of the jury would accomplish real and impartial justice. But, practically, it cannot be doubted that the interjection of such really immaterial, but apparently significant, facts into a case tried before a jury has a tendency to influence the size of their verdict, if not the course of their deliberations. Jurors, unfortunately, cannot be stripped of the frailties of human nature when they enter the jury box, and they carry into their deliberations as jurors prejudices and prepossessions of which they themselves are often unaware. Appellee lays stress upon the fact that the questions asked were upon the voir dire, and that they were therefore clearly within his legal right in testing the qualification of the juror. Broad latitude is allowed in examining jurors upon the voir dire; but justice and good faith always mark its limit. In this case appellee's counsel, having been told by a juror that he was an insurance agent representing an indemnity insurance company, asked him if his company had issued a policy to defendant. He answered, "No," and he was then asked the hypothetical question, "Would the fact that the defendant might have or carry an accident policy in some other company indemnifying him against loss tend to influence your action, if you were selected to serve as juryman in this case?" What could have been the purpose of such inquiry if not to impress upon the mind of the jury that defendant did carry such insurance? And what effect could have been expected, except that it would have some bearing upon their minds in passing upon the facts in the case? Even if it be conceded that the juror in question might, because of his business, have been influenced in his judgment favorably to defendant, if the defendant carried such insurance, he could not have been so influenced if he was entirely ignorant upon the subject. There was

nothing in the pleading to raise a suspicion in his or any other mind that such a policy was held by defendant, and any effort to so plead would not have been permitted. No evidence could be offered to show that such policy existed, and any effort to introduce such evidence would have been promptly suppressed. Appellee's counsel knew that he would not be permitted to make such a fact an issue in the case, nor in any manner directly bring it to the attention of the jury. He will not be permitted to do by indirection what he cannot do by direction.

Appellee attempts to make the case of El Paso Elec. Ry. Co. v. Shaklee, 138 S. W. 188, decided by this court, authority for this case. In that case the question asked was whether any of the jurors were shareholders in any accident insurance company, and the court neither allowed the question to be answered nor repeated. Chief Justice Fly, in writing the opinion of the court, said: "This case is not parallel to the case of Lone Star Brewing Co. v. Voith, 84 S. W. 1100, in which there were repeated and persistent efforts upon the part of the attorneys of Voith to bring before the jury the fact that the brewing company was insured against damages arising from accidents. The same can be said of the case of Harry v. Brady, 86 S. W. 615. In that case repeated inquiry was made of jurors as to whether the fact that an accident policy had been taken out by the defendant would influence their verdict. In this case no such question was asked; but the question was asked one time if any of the jurors were stockholders or shareholders in any accident insurance company." Appellant's counsel objected to the line of questions sought to be propounded to the juror here, and the trial court told appellee's counsel, without the hearing of the jury, that he believed the questions improper; but counsel persisted, and was finally told by the court that, if such questions were asked, he, the appellee's counsel, must ask them upon his own responsibility, no doubt meaning to "wash his hands" of the error which he was about to commit. It would be better if trial courts would less often pursue that course. The court having so ruled, the questions were then asked the juror in the presence of the balance of the jury. Our courts have, without exception, held that persistent effort to impress this fact upon the jury is reversible error. Appellee's effort in this case to elicit the facts about the insurance was not only persistent, but he was most apparently determined that the inquiry should take place in the presence of the whole jury. Appellee seems to base a distinction between this case and others upon the words "persistent effort" frequently used in the opinions of the courts. But the phrase "persistent effort" can hardly be limited in its meaning to "repeated effort." That the plaintiff in damage suits shall not, with intent to in-

fluence their judgment, by direction or indirection, convey to the jury a suspicion or surmise that the defendant holds a policy of insurance in a company, not a party to the suit, which will protect him from loss in case a verdict is rendered against him, is the substance of the rule, and the wrongdoer in such a case has not been permitted to take advantage of his own wrong. Lone Star Brewing Co. v. Voith, 84 S. W. 1100; Beaumont Traction Co. v. Dilworth, 94 S. W. 356; Harry Bros. v. Brady, 86 S. W. 616; Fell v. Kimble, 154 S. W. 1070.

We think the eleventh, twelfth, and thirteenth assignments of error are well taken, and for this error the judgment of the lower court is reversed, and the cause remanded.