## LANGE v. LAWRENCE.    (No. 7088.)*

(Court of Civil Appeals of Texas. San Antonio. Feb. 13, 1924. Rehearing Denied March 5, 1924.)

**1. Trial ⬦108½—Asking jurors as to connection with liability insurance companies held error.**

In personal injury action, after voir dire examination of jurors, it was error to permit plaintiff's further question to jurors as to whether they or any of their relatives were connected with or owned stock in any liability insurance company, where there were no issues having any relation to such question.

**2. Appeal and error ⬦742(1)—Assignment of error unaccompanied by statement showing transaction complained of not considered.**

Assignments of error unaccompanied by any statement from the record showing the transactions complained of will be disregarded.

**3. Appeal and error ⬦926(4)—Presumed trial court's ruling based on sound objection in absence of contrary showing.**

Where the record does not disclose on what objections the trial court excluded from the courtroom the oral examination of plaintiff by defendant's physician as to the history of his alleged injury, it will be presumed that the objections were sound, and warranted the ruling.

Appeal from District Court, Bexar County; Robt. B. Minor, Judge.

Action by T. P. Lawrence against B. J. Lange, Jr. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Birkhead & Lang and Edward H. Lange, all of San Antonio, for appellant.

Davis & Long, of San Antonio, for appellee.

SMITH, J. This suit resulted from a collision between automobiles owned and being driven at the time by the respective parties.

Lawrence claimed to have been injured in the collision, and in a trial before a jury recovered judgment against Lange for $2,500.

[1] It is shown in a bill of exception that:

"After the voir dire examination of the jury panel had been completed by counsel for both the plaintiff and defendant, counsel for plaintiff propounded the following questions to the panel: 'Have any of you gentlemen or are any of you gentlemen or any of your relatives connected in any way with any liability insurance company, or have you or do you own any stock in an insurance liability company?' Counsel for defendant thereupon objected to said question as irrelevant and immaterial and highly prejudicial to the defendant, in that it served to suggest to the minds of the jury that an insurance company was involved in the case, and that an insurance company was to bear the burden of the loss if there were any burden to be borne, and moved that the panel be discharged. The jurors were then instructed to retire, whereupon the court, after hearing the argument of counsel for plaintiff and defendant, overruled the defendant's objection to said question and defendant's motion to discharge the jury panel. * * *"

This bill was qualified by the trial court in this way:

"When the question quoted in this bill of exceptions was propounded and when objection was made to it by counsel for defendant, counsel for plaintiff stated that the question was asked in order that plaintiff might obtain valuable information which was necessary for him to strike the jury and select a fair and impartial jury before whom to try his case. No intimation was made that defendant had insurance and the question was general as shown by the question copied in this bill of exception."

We are thus confronted with the question of whether or not the incident described was of such nature as to require reversal of the judgment rendered in favor of the party precipitating that incident. It should be stated at the outset that, so far as the record shows, no liability insurance company, nor any kind of insurance company, is or has ever been concerned in the litigation, directly or otherwise.

It was, of course, wholly immaterial whether or not appellant was insured against liability in this case, and appellee would not have been permitted, in the face of exception or objection, to plead or prove the existence or nonexistence of that fact. It has been repeatedly held to be error for the parties to ask any questions or make any statement within the hearing of the jury from which the jurors would infer, or which would suggest to them, that the defendant in such case carried liability insurance, or that an insurance company, and not the defendant, would have to pay any judgment the injured person might recover against the defendant. The reason for this well-established rule is too ob-

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction April 2, 1924.

vious and has been too often stated to require restatement here. No. 7089, Tarbutton v. Ambriz, decided by this court February 6, 1924, 259 S. W. 259; Levinski v. Cooper (Tex. Civ. App.) 142 S. W. 959; Carter v. Walker (Tex. Civ. App.) 165 S. W. 483; Fell v. Kimble (Tex. Civ. App.) 154 S. W. 1070; Brewing Co. v. Voith (Tex. Civ. App.) 84 S. W. 1100; Houston, etc., Co. v. Smith (Tex. Civ. App.) 160 S. W. 435; City of Austin v. Gress (Tex. Civ. App.) 156 S. W. 535; Gordon Jones Co. v. Lopez (Tex. Civ. App.) 172 S. W. 987. The practice of asking such questions, or making such suggestions, is condemned by the courts of this state, and particularly by this court. See the Tarbutton, Lopez, Voith, Smith, and Carter Cases, supra.

Of course there may be cases in which an insurance company's interest may be disclosed as an incident to legitimate inquiry into the facts of a case, as, for instance, where the agents of the insurance company testify in behalf of the insured, and their connection with the insuring company is brought out on cross-examination, or when the activities of such agents are so interwoven into the defense as to result in the disclosure of the company's interest, then the defendant ought not to be heard to complain of such disclosure. Such was the case in Carter-Mullaly v. Bustos, 187 S. W. 396, decided by this court. Nor will a judgment be reversed where the objectionable question is propounded, and it does not appear that it "took" with the jury, and the evidence was such that no other judgment could have been rendered, anyhow, as was held by this court in Railway v. Shaklee (Tex. Civ. App.) 138 S. W. 188.

In this case, however, the objectionable question was propounded to the jury out of a sky entirely clear of issues having any possible relation to the question propounded, and the incisive subtlety of the question did not render its object less obvious. In the analogous case of Houston, etc., v. Smith, supra, it was aptly said by this court that—

"The courts do not look with favor upon such practice, and, where it is fairly apparent that the course of counsel in such a case was for the purpose of fixing in the minds of the jury that the defendant carried such insurance for its protection, and that, in case they found a verdict for plaintiff, an insurance company, and not the local defendant, would be obliged to pay the damages, the cases have uniformly been reversed. This rule is founded upon the most substantial reasons of justice. Theoretically, of course, it should be true that the ultimate result would be the same, and that the verdict of the jury would accomplish real and impartial justice. But, practically, it cannot be doubted that the interjection of such really immaterial, but apparently significant, facts into a case tried before a jury has a tendency to influence the size of their verdict, if not the course of their deliberations. Jurors, unfortunately, cannot be stripped of the frailties of human nature when they enter the jury box, and they carry into their deliberations as jurors prejudices and prepossessions of which they themselves are often unaware. Appellee lays stress upon the fact that the questions asked were upon the voir dire, and that they were therefore clearly within his legal right in testing the qualification of the juror. Broad latitude is allowed in examining jurors upon the voir dire; but justice and good faith always mark its limit. * * * What could have been the purpose of such inquiry if not to impress upon the mind of the jury that defendant did carry such insurance? And what effect could have been expected, except that it would have some bearing upon their minds in passing upon the facts in the case? Even if it be conceded that the juror in question might, because of his business, have been influenced in his judgment favorably to defendant, if the defendant carried such insurance, he could not have been so influenced if he was entirely ignorant upon the subject. There was nothing in the pleading to raise a suspicion in his or any other mind that such a policy was held by defendant, and any effort to so plead would not have been permitted. No evidence could be offered to show that such policy existed, and any effort to introduce such evidence would have been promptly suppressed. Appellee's counsel knew that he would not be permitted to make such a fact an issue in the case, nor in any manner directly bring it to the attention of the jury. He will not be permitted to do by indirection what he cannot do by direction."

For these reasons, the question was improperly propounded in this case, and, as one of the jurors, upon the hearing of the motion for new trial, testified that the fact or question of the defendant carrying insurance was discussed by some of the jurors during their deliberations, we are of the opinion that we have no other recourse but to reverse the judgment on that account. Appellant's seventh assignment of error, raising this question, will be sustained.

[2] Appellant's first to sixth assignments of error, and the several propositions predicated thereon, will be disregarded because not accompanied by any statement from the record showing the transactions complained of.

[3] Upon the trial of the cause appellee exhibited his injury to the jury, whereupon appellant claimed the correlated right to have appellee examined by a physician of appellant's own selection, which was acceded to, and Dr. Berrey was selected to make the examination. What followed is thus detailed in a qualification appended by the trial court to appellant's bill of exceptions covering this transaction:

"The doctor then said while on the witness stand that he could not give an opinion as to the extent of plaintiff's injuries without asking him questions so as to ascertain from the patient the history of his case. Counsel for defendant then insisted that the doctor ask his questions in open court, and before the jury, to which the plaintiff objected for reasons stated on the record. The doctor then retired by order of the court, propounded his questions

to the patient, examined him, and reported to the court that he was ready to give his evidence as to the injuries of plaintiff. Whereupon counsel for defendant stated that, in view of the fact that the doctor did not examine the plaintiff in the presence of the court and the jury, he did not care to question him. No objection having been made by plaintiff, he was then excused."

The record, however, does not disclose upon what objection the court excluded from the courtroom the oral examination of appellee by the doctor, and in the absence of such showing it will be presumed that such objections were sound and warranted the court's ruling. While in this view it is unnecessary to decide the question, we express a doubt of the propriety of encouraging the practice of oral medical examinations of injured persons in the presence of juries. Such practice would open wide fields of exploitation, speculation, and contention, establish trials within trials, invite interminable wrangling, and thus destroy any efficacy the plan might have in theory.

Other questions are raised, but they relate to matters not likely to recur upon other trials, and need not be discussed here.

For the error pointed out in the seventh assignment, the judgment is reversed, and the cause remanded for another trial.