## ACOLA et al. v. MAGNOLIA PETROLEUM CO. (No. 7132.)

(Court of Civil Appeals of Texas. San Antonio. April 2, 1924. Rehearing Denied May 7, 1924.)

Trial ⚹127—Asking witness whether defendant had liability insurance on automobile held error.

In action for damages to plaintiff's automobile from collision with defendant's automobile, asking witness whether defendant had liability insurance on his automobile was error.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Action by the Magnolia Petroleum Company against T. C. Acola and another. Judg-ment for plaintiff, and defendants appeal. Reversed and remanded.

Capps, Cantey, Hanger & Short, W. D. Smith, and E. A. McCord, all of Fort Worth, for appellants.

McGown & McGown, of Fort Worth, and W. H. Francis, A. S. Hardwicke, and Lewis V. Greer, all of Dallas, for appellee.

COBBS, J. This suit was instituted in the county court of Tarrant county for civil cases, by the appellee, Magnolia Petroleum Company, against the appellants T. C. Acola and Sam Acola, to recover of the appellants damages sustained to the automobile belonging to the appellee, which collided with a Studebaker car owned by the appellant T. C. Acola, and driven by his son Sam Acola.

Appellee alleged, in substance, that its automobile, which was a Ford automobile, was being driven by W. T. Farrish, an agent and employé, in a northerly direction on the right-hand side of Lipscomb street, and that the car of the appellant T. C. Acola, was being driven by his son, Sam Acola, in a westerly direction on the left-hand side of Cannon avenue. Appellee further alleged that the said Sam Acola was driving his car at a rate of speed in excess of the speed limit permitted under the Revised Ordinances and Traffic Code of the City of Fort Worth, or by the laws of the state of Texas.

Appellee further alleged that its car had the right of way over the car of the appellant T. C. Acola, under section 19 of the Traffic Code of the city of Fort Worth, and that said law was controlling as to the right of way. Appellee further alleged negligence and carelessness on the part of the appellant Sam Acola, and that he was driving and propelling his car in excess of the rate of speed which was reasonable and proper. The appellee prayed for damages by way of necessary repairs on said car in the sum of $354.14 and $90 for rental value or loss of the use of said car while the same was being repaired.

The appellants filed general and special exceptions and pleaded contributory negligence on the part of W. T. Farrish, the driver of appellee's automobile.

The case was tried with a jury upon special issues, and upon their answers a judgment was rendered in favor of appellee for $207.64, and interest thereon from February 5, 1923.

The first error assigned and urged in the motion for a new trial, as the very first proposition, is in respect to the action of counsel for appellee in asking T. B. Wyatt, a witness, whether or not the defendant had insurance on the Studebaker car in question. The error was saved by the following bill of exceptions:

---

⚹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Defendants' Bill of Exceptions No. 9.

"Be it remembered that on the trial of the above styled and numbered cause in this court, while the witness T. B. Wyatt, a witness for the defendants was testifying, the following proceedings took place while the said witness was being cross-examined by counsel for the plaintiff:

"Q. 'Who paid the bill for repairs?' A. 'Nobody.'

"Q. 'Has not been paid yet?' A. 'No, sir.'

"Q. 'What is the reason?' A. 'Because we took the car in in its wrecked condition.'

"Q. 'Isn't the real reason because the insurance company had something to do with it?' A. 'Not that I am aware of.'

"Mr. McCord: 'That is prejudicial and irrelevant, and immaterial, and we ask that it be stricken out and the jury instructed not to consider it.'

"Mr. Greer: 'I am willing for the question to be stricken out.'

"The Court: 'I sustain the objection. Gentlemen of the jury, you will disregard that feature of the testimony.'

"A. '200.00.'

"Q. 'Was the car insured?' A. 'I couldn't tell you.'

"Mr. Smith: 'Same objection.'

"Mr. McCord: 'We make the same objection we did before.'

"Mr. Greer: 'That's all we have.'

"The Court: 'That objection is sustained. Any further questions?'"

Such questions have been repeatedly denounced by our appellate courts. It is no longer an open question, and counsel who dare to ask such questions and secure a verdict must suffer the consequences of their infraction. Levinski v. Cooper et al. (Tex. Civ. App.) 142 S. W. 959; Coon v. Manley (Tex. Civ. App.) 196 S. W. 606; Carter v. Walker (Tex. Civ. App.) 165 S. W. 483; Kirby Lumber Co. v. Youngblood (Tex. Civ. App.) 192 S. W. 1106.

The reply of appellee is a clear admission that he realized the error committed at the time, but he undertakes to justify himself by saying:

"Appellee does not contend that the two questions asked relative to insurance were not improper. They were very ill-advised; but appellee denies that either the questions or the answers thereto, or the action of the court, prejudiced the jury at all and believes that the facts of this case completely establish the truth of this statement. Appellee further denies any motive or intent to prejudice the jury, though of course appellee's motive would not be an excuse if any harm had been done, and it is not offered as an excuse."

And then says because this is not a personal injury case inferentially the same rule

261 S.W.—25

of law does not apply, and justifies himself with the further statement:

"If the jury had been prejudiced, which the record and their verdict show they were not, it is not to be assumed that they would discriminate against a 'soulless' insurance company in favor of a 'wicked' oil company, especially in Fort Worth, in view of the operations in that city of the companies of Dr. Cook and his tribe, of which we suggest that this court may take judicial notice. Oil companies are not now popular in Fort Worth, and were not so popular in April, 1921, at the time of the trial of this case, as to cause discrimination by a jury in their favor against an insurance company."

In an elaborate opinion, where the subject was ably handled by Judge Smith for this court (B. J. Lange, Jr., v. T. P. Lawrence, 259 S. W. 261), the rule is made to apply equally as well to the voir dire examination, as before the jury impaneled trying the cause. See, also, opinion written for this court by the Chief Justice in R. C. Tarbutton v. Glafira Ambriz, 259 S. W. 259.

The briefs and record in this case are very voluminous, and many assignments are presented and discussed. While they have all been carefully considered, we have reached the conclusion that it is not necessary to pass upon them because they may never become important again, as there are no new or novel questions raised that affect the jurisprudence of the state necessary for a decision here.

It is inconceivable to appellate courts that so little attention is paid to the trial of cases below, when able lawyers, who should know the law, yet knowingly ask improper questions, and hope to escape the consequences because the court sustains the objection when requested, and directs the jury not to consider that which was so plainly told them from the witness stand, of its own initiative. If the court would not permit counsel to ask improper questions and not permit witnesses to answer them, a great loss of time and money would be saved to litigants and to the county as well. The trial courts should see that every man has a fair trial; win or lose, he is entitled to that.

What the courts have said on this subject leaves nothing for the writer to add, unless he should engage in unnecessary and useless elaboration.

The judgment of the trial court is reversed, and the cause is remanded for another trial.

Reversed and remanded.