## D. &. H. TRUCK LINE et al. v. LAVALLEE. (No. 7206.)

Court of Civil Appeals of Texas. Austin. April 11, 1928.

On Rehearing, June 13, 1928.

1. **Trial ☞127—Improper injection into jury trial of fact that defendant is insured is reversible error.**

General rule is that improper injection into a jury trial of the fact that defendant is protected by insurance constitutes reversible error.

2. **Trial ☞129—Mere fact that one counsel has injected improper matter into case does not authorize opposing counsel to commit similar wrong.**

Where improper matter is first injected into case by counsel for one party, counsel for the other party has a right to counteract its deleterious effect by legitimate argument in reply, but mere fact that such improper matter has been so injected into case does not authorize opposing counsel to commit a similar wrong.

3. **Trial ☞127—Interruption of argument of counsel that defendant should not be required to pay, by objection of plaintiff's counsel that defendant was protected held unjustified.**

Statements by defendant's attorney, in arguing to the jury, that defendant should not be called on to pay for plaintiff's injuries in automobile accident, *held* not to justify interruption of such argument by plaintiff's attorney with objection that "you know he is protected in this case," indicating to jury that defendant was insured, since argument of defendant's counsel

was not improper and did not call for a reply injecting extraneous matter into record.

**4. Appeal and error ⊂⟹1170(6)—Plaintiff's improper interruption of argument of defendant's counsel with objection that defendant carried insurance held not to require reversal, record negativing prejudice (Courts of Civil Appeals rule 62a).**

Where, after defendant's attorney repeatedly stated in argument to jury that defendant should not be compelled to pay for plaintiff's injuries in automobile accident, interruption by plaintiff's counsel with objection that defendant was protected, indicating that he carried insurance, *held* not to require reversal, under Courts of Civil Appeals rule 62a, where record fairly negatived reasonable inference that jury were probably influenced thereby.

**5. Automobiles ⊂⟹242(8)—Burden of establishing contributory negligence of plaintiff, injured in automobile collision, was on defendants.**

In action for injuries sustained in automobile collision, burden of establishing contributory negligence was on defendants.

**6. Appeal and error ⊂⟹837(1)—Court of Civil Appeals must weigh evidence to determine effect on verdict of jury of injecting improper matter into record.**

The Court of Civil Appeals has the power, and it is its duty, to weigh the evidence in order to determine the reasonable probability of effect on verdict of jury of trial errors, such as injection of improper matter into record.

**7. Appeal and error ⊂⟹1170(1)—Reversal should only be ordered to protect litigant's substantial rights, not merely as penalty for unprejudicial violation of rules (Courts of Civil Appeals rule 62a).**

Reversal should only be ordered to protect substantial rights of litigant, and not as a penalty for violation of some rule, even though violation be flagrant and unprovoked, and where it does not appear with reasonable probability that error is prejudicial, it is harmless, under Courts of Civil Appeals rule 62a.

On Motion for Rehearing.

**8. Appeal and error ⊂⟹930(3)—Presumption is that jury's answers to questions submitted were based on honest deductions from evidence.**

The general presumption is that jury's answers to specific questions of fact submitted were based on honest deductions from the evidence.

**9. Appeal and error ⊂⟹1032(1)—Appellant has burden of showing at least probability of prejudice from trial errors (Courts of Civil Appeals rule 62a).**

Under Courts of Civil Appeals rule 62a, burden of showing at least probability of prejudice resulting from errors during trial is placed on appellant.

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Action by Matthew E. Lavallee, a minor, by next friend, against the D. & H. Truck Line and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Wm. H. Russell and E. L. Early, both of San Antonio, for appellants.

Perry J. Lewis, H. C. Carter, Champe G. Carter, and Randolph L. Carter, all of San Antonio, for appellee.

McCLENDON, C. J. Suit by Matthew E. Lavallee, a minor, suing by next friend, against B. L. Dickehut and J. R. Hankinson, *as partners under the name of D. & H. Truck Line*, for personal injuries resulting from a collision between an automobile in which plaintiff was riding and the rear end of defendant's truck, which was parked on a public highway.

This is a companion case to D. & H. Truck Line et al. v. Ella Mae Hopson et al., affirmed by the Court of Civil Appeals on March 22, 1928, 4 S.W.(2d) 1013. Ella Mae Hopson, plaintiff in the companion case, was in the car with Lavallee, and her suit grew out of the same collision. We have carefully examined the brief and the opinion in the companion case, and, with the exception of the improper conduct of counsel complained of in appellants' fifteenth and sixteenth propositions, every ground of error urged in this appeal was presented and overruled in the companion case. On the authority of that case, we overrule all of appellants' propositions and assignments germane thereto, except the fifteenth and sixteenth, to which alone we will give further consideration.

We quote the following from the opinion in the companion case as a fair general outline of the occurrences out of which the suit arose:

"On the night of July 17, 1926, appellee, Ella Mae Hopson, a girl 16 years old, and her father, W. B. Hopson; were riding as invited guests in a car owned and driven by W. H. Vinson, a young man 18 years old. · They were going from Devine to Asherton, where they all lived. Matthew Lavallee was also riding in the car. About midnight the car collided with the rear of a loaded truck owned and operated by appellants, which was parked upon the highway without lights. The driver of the truck was appellants' employee. He had parked the car and gone to sleep in the cab of the truck. It was a short distance from Big Wells, and the driver had stopped for the night, as he had deliveries to make in Big Wells the next morning. Lavallee and Miss Hopson were asleep at the time the collision occurred. The latter was seriously injured, and sued appellants, by her father, as next friend, to recover the damages sustained. The father also sued to recover the damages sustained by him as the result of his daughter's injuries.

"The graveled portion of the highway at the place of the accident was 16 or 18 feet wide. The left wheels of the truck, according to the

driver's· own testimony, testifying for .appellants, extended at least 3 feet over upon the graveled portion of the highway and were in the travel lane upon that side of the road. He also admitted the truck was parked at â slight angle, so that its rear extended more into the lane of travel than the front end. It was also shown that upon the left side of the truck there was a 4x6 timber about 10 feet long, extending several feet beyond the rear of the truck. To the end of this timber a red rag was tied. It is not made clear by the evidence whether Vinson's car first struck the end of this timber or the body of the truck. In either event, Vinson's car failed to clear the obstruction by just a few inches."

Under propositions 15 and 16, error is assigned upon the refusal of the trial court to grant a motion to declare a mistrial because plaintiff's attorney interrupted defendants' attorney near the close of his argument to the jury with the following statement:

"Mr. Russell, I just want to object to your repeated statements that Mr. Hankinson would have to pay, on the ground that you know he is protected in this case."

Up to that time there had been no intimation during the trial that defendants carried liability insurance. As qualifying the bill of exceptions, plaintiff (not in the presence of the jury, however) was permitted to show that defendants carried a liability policy protecting them in the instant case to the extent of $5,000 for any one person and $10,-000 for any one accident, and that the attorneys representing defendants had been employed by the insurance company to conduct the defense. Qualification of the bill also shows the following:

" * * * In the argument by Mr. Russell; the attorney for the insurance company, before the jury, he made repeated statements of the following. nature: 'I feel Mr. Hankinson should not be called on to pay Lavallee.' Again: 'Frankly, I don't see why Mr. Hankinson should be called on to pay Mr. Lavallee under the circumstances of this case.' Again: 'Mr. Lavallee is asking Mr. Hankinson to pay him for his injuries.' These statements, and others of a like nature, were made at different times during the argument which Mr. Russell was making to the jury, and a similar statement was made by Mr. Russell at the time the objection which plaintiff's counsel made was advanced." ·

Exception was at once taken to the statement of plaintiff's counsel; the jury retired, and motion to declare a mistrial presented. The motion was overruled, bill of exceptions taken, and the question reserved, and properly presented here as a ground of reversal.

[1] A general rule of long standing in this state is that the improper injection into a ·jury trial of the fact that the defendant is protected by insurance constitutes reversible error. Lone Star Brewing Co. v. Voith, 84 S. W. 1100; Harry v. Brady (Tex. Civ. App.) 86 S. W. 615; Beaumont Traction Co. v. Dil-

worth (Tex. Civ. App.) 94 S. W. 352; Levinski v. Cooper (Tex. Civ. App.) 142 S. W. 959; Fell v. Kinkle (Tex. Civ. App.) 154 S. W. 1070; City of Austin v. Gress (Tex. Civ. App.) 156 S. W. 535; Houston Car Wheel & Machine Co. v. Smith (Tex. Civ. App.) 160 S. W. 435; Carter v. Walker (Tex. Civ. App.) 165 S. W. 483; Coon v. Manley (Tex. Civ. App.) 196 S. W. 606; Debes v. Greenstone (Tex. Civ. App.) 247 S. W. 289; Tarbutton v. Ambriz (Tex. Civ. App.) 259 S. W. 259; Lange v. Lawrence (Tex. Civ. App.) 259 S. W. 261; Acola v. Petroleum Co. (Tex. Civ. App.) 261 S. W. 384.

In the early case of Levinski v. Cooper, above, a very careful inquiry into the doctrine supporting these decisions was made; and as a basis for the doctrine the following is quoted from the Missouri case of Gore v. Brockman, 138 Mo. App. 231, 119 S. W. 1082:

"A litigant has a right to his own personality, and the opposing party has no right to have the consideration of his claim influenced or measured by any other standard, so far as individuality is concerned, than that afforded by the party of whom he complains. He cannot ask unliquidated damages of a good man, who may have injured him, and then substitute a bad man at the trial."

In all of these cases the issue of liability insurance was deliberately injected into the record, and it was held to be highly prejudicial and to constitute reversible error. There are a number of cases in which the appellate courts of this state have declined to reverse a judgment where this issue was injected in the case: Ware v. Jones (Tex. Com. App.) 242 S. W. 1022; El Paso Electric R. Co. v. Shaklee (Tex. Civ. App.) 138 S. W. 188; Cooper v. Hall (Tex. Civ. App.) 168 S. W. 465; Carter-Mullaly Transfer Co. v. Bustos (Tex. Civ. App.) 187 S. W. 396; Burnett v. Anderson (Tex. Civ. App.) 207 S. W. 540; El Paso Electric Ry. Co. v. Cowan (Tex. Civ. App.) 257 S. W. 941 (reversed on other. grounds [Tex. Com. App.] 271 S. W. 79); Horton v. Benson (Tex. Civ. App.) 266 S. W. 213 (affirmed [Tex. Com. App.] 277 S. W. 1050); El Paso Electric Co. v. Perkins (Tex. Civ. App.) 292 S. W. 935; Northern Texas Traction Co. v. Woodall (Tex. Civ. App.) 294 S. W. 873 (reversed on other grounds [Tex. Com. App.] 299 S. W. 220).

It may not be difficult to find a sharp conflict in some of the decisions, if isolated expressions in the opinions alone are considered. Whether there is any real conflict in the decisions reached in the several cases we shall not undertake to determine. The cases in which reversals were not allowed contained one or more of the following elements: The issue was inadvertently or incidentally injected in the case, and the jury instructed not to consider it; it was injected in the heat of argument, was promptly withdrawn, and the jury instructed not to con-

sider it; the jury were instructed not to consider it, and it did not appear to have had an appreciable effect on the verdict; it manifestly had no effect on the verdict; it arose in the voir dire examination of the jury, as to their interest in casualty insurance companies, and was held not improper, under Dow Wire Works Co. v. Morgan (Ky.) 96 S. W. 533.

Appellee contends that overruling the motion does not present reversible error upon substantially the following grounds: First, because the statement did not directly mention insurance; second, because it was invited and provoked by defendants' counsel, and was a fair rejoinder to his argument; third, because the statement was true; and fourth, because the record negatived reasonable probability that the jury were in fact influenced by the statement. We overrule all of these contentions, except the last.

The statement was deliberately made, for the purpose of informing the jury that Hankinson was only a nominal party to the suit, and that he was protected from liability, which could have no other meaning than that he carried insurance of some character. The circumstances under which it was made showed that it was deliberate and pointed, arising in the course of opposing counsel's argument to the jury, and for the purpose of acquainting the jury with the fact that the named defendant had protection from liability.

The second contention is based upon the well-established general rule that, where improper remarks of counsel for one party "are of such a nature as to call for a reply, and the language used does not seem to have gone beyond the bounds of a legitimate answer," the jury's verdict will not be disturbed. Trinity County Lumber Co. v. Denham, 88 Tex. 203, 30 S. W. 856. In Gulf, C. & S. F. Ry. Co. v. Witte, 68 Tex. 295, 4 S. W. 490, the Supreme Court, speaking through Associate Justice Gaines, say:

"It is not thought that the wrong of one attorney will justify a like wrong on the part of another by way of retaliation, although this court would not hesitate to set aside a verdict which had been induced by language, not justified by the record, when the opposing counsel may have given the first offense."

[2] From these two holdings the proper rule in such cases may, we think, be readily deduced. Where improper matter is first injected into a case by counsel for one party, counsel for the other party would seem to have legitimate right to counteract its deleterious effect by legitimate argument in reply. But the mere fact that counsel for one party has injected improper matter into the case does not license opposing counsel to commit a similar wrong. In every instance the court should consider the action or statement of each attorney in relation to its probable effect upon the verdict.

[3] We are unable to find justification for the statement objected to. We see nothing improper in the argument of Mr. Russell, and nothing calling for a reply which would inject anything extraneous into the record. The bill of exceptions does not show in what connection the several statements were made to the effect that Mr. Hankinson ought not to pay Mr. Lavallee, and we must presume, in the absence of showing to the contrary, that they were made in connection with legitimate inferences from the evidence in the case. We therefore conclude that the statement complained of was wholly unwarranted. The fact that it was true, as shown by the bill of exceptions, has no bearing upon the issue, further than that defendants were impotent to disown it.

[4] After a careful examination of the record, however, we have reached the conclusion that it does not show that the jury were probably influenced by the improper statement, and that under rule 62a the judgment should therefore not be disturbed.

The amount of the verdict is in no sense excessive, in view of the injuries sustained by plaintiff. If the evidence on the issue of liability preponderated in favor of defendants, or if there were sharp conflict in the evidence on vital issues of liability, or if the evidence and reasonable conclusions to be drawn therefrom were fairly balanced on these issues, we would not hesitate to reverse the judgment. The record, while not negativing the possibility that the jury were influenced by the statement, does, we think, fairly negative the reasonable inference that the jury were probably influenced thereby. This appears to be the test laid down by rule 62a for determining whether error is harmless, and we think it applies to this case. Golden v. Odiorne, 112 Tex. 544, 249 S. W. 822.

[5, 6] The evidence upon primary negligence, if not conclusive as a matter of law, is virtually so as a matter of fact. The evidence supporting the several issues upon which contributory negligence is predicated (the burden to establish which rested upon defendants) was by no means strong. Upon a careful reading of the entire record the impelling impression is left upon the mind, as a fact issue, at least, that the collision was due to the negligence of the defendants' employee in parking a truck at night, partially blocking the traveled portion of a main public highway, with a beam protruding from the rear further into the roadway, and without lights; and that those in the car were not guilty of negligence under the peculiar circumstances in evidence in not discovering it in time to avoid the accident. The Court of Civil Appeals has the power, and it becomes its duty, to weigh the evidence in or-

der to determine the reasonable probability of the effect of errors of this character upon the verdict of the jury. See Burrell v. Grisier, 111 Tex. 477, 240 S. W. 899.

[7] Reversal of a trial court's judgment should only be ordered where necessary to protect the substantial rights of a litigant. It should never be ordered merely as a penalty for the violation of some rule, even though the violation be flagrant and unprovoked. Such circumstance is material only in determining the probability of deleterious effect. The error, to warrant reversal, must be prejudicial, and, where it does not appear with reasonable probability to have been so, it is harmless under rule 62a.

It is apparent to us that counsel who made the statement under consideration believed he was justified and acting within his rights, and that the trial court took the same view. This fact acquits offending counsel of any intention to violate a well-known rule of practice. It does not, however, bear upon the prejudicial effect of the statement. That question, which alone we consider upon review of the trial court's judgment, must be determined, as stated, from a careful perusal of the entire record. Burrell v. Grisier, above.

The trial court's judgment is affirmed.

Affirmed.

### On Motion for Rehearing.

In overruling appellants' motion for rehearing, we think it proper to point out distinctions between our holding and those in two lines of cases cited in the motion. One line relates to misconduct of the jurors themselves. There is a manifest distinction between misconduct on the part of those charged with the duty of decision and misconduct of counsel. The other line, illustrated by Parker v. Miller (Tex. Com. App.) 268 S. W. 728, relates to the injection of improper evidence in the case directly affecting the testimony of a material witness.

[8] In the instant case the jury were required to answer specific questions of fact in accordance with their findings on the evidence. The general presumption is that their answers were based upon honest deductions from the evidence. The improper matter injected into the case had no relation to the questions propounded to the jury, and the probability of its deleterious effect can only be arrived at by weighing the considerations, pro and con, in the light of the record.

[9] From the opinions in Burrell v. Grisier and Golden v. Odiorne, it is clear that the effect of rule 62a was to shift the burden of showing at least the probability of prejudice to the appellant. Since our rules of practice are in large measure statutory, rule 62a, in its practical effect, may be confined to narrow limits; but that it has, within such limits, superseded the former rule that error is presumed to be prejudicial, unless demonstrated not to be so, is the holding in these cases. We believe the case at bar falls within the rule therein announced, and that, in the light of the record before us, we have applied the correct formula in affirming the trial court's judgment.

Motion overruled.